767 P.2d 280

Patricia WILSEY and Wayne R. Wilsey, Husband and Wife, Plaintiffs–Appellants,

v.

Dr. S.L. FIELDING and Dr. G.D. Davis, Defendants–Respondents.

No. 17337.

Court of Appeals of Idaho.

Jan. 5, 1989.

Rehearing Denied Feb. 7, 1989.

Petition for Review Denied March 17, 1989.

---

1. In preparing deeds with reservations or exceptions, we implore practitioners to clarify the language used by expressing simply the type and extent of the servitude sought and thus avoid doubt as to what the parties intended. The language in the deeds in this case does little more than tell us a servitude was intended.

Curtis Webb, Webb, Burton, Carlson, Pedersen & Webb, Twin Falls, for plaintiffs-appellants.

Bruce R. McAllister, Quane, Smith, Howard & Hull, Boise, for defendants-respondents.

BURNETT, Judge.

This is an appeal from an order awarding attorney fees. For reasons explained below, we dismiss the appeal as untimely.

Patricia and Wayne Wilsey filed a medical malpractice complaint against two doctors, a hospital and a student nurse. The doctors, S.L. Fielding and G.D. Davis, moved for summary judgment. Their motion was granted, and judgment was entered, in December, 1985. Although the judgment was certified as final under I.R. C.P. 54(b), it was not appealed. As prevailing parties, the doctors requested awards of costs as well as attorney fees under I.C. § 12–121. In June, 1986, the district court entered an order containing such awards. The Wilseys' complaint remained pending against the hospital and the student nurse

until January, 1988, when the district court entered an order of dismissal pursuant to a settlement agreement. On February 4, 1988, the Wilseys filed a notice of appeal from the June, 1986, order granting attorney fees to the doctors.

Generally, an appeal must be filed within forty-two days of any final judgment, order or decree. *See* I.A.R. 14. When the instant appeal was filed, more than a year and a half had elapsed since the order awarding attorney fees. The only apparent rationale for such a delay was that the order, unlike the summary judgment, did not carry its own certificate of finality under I.R.C.P. 54(b). However, such a separate certification was not required for the order to be appealable when entered. Rule 11(a)(7), I.A.R., provides:

> An appeal as a matter of right may be taken from the following judgments and orders:
> (a) Civil Actions. From the following judgments and orders of a district court in a civil action:

> . . . . .

> (7) Any order made after final judgment. . . .

The summary judgment in favor of the doctors had been certified under Rule 54(b) and was final. Consequently, the postjudgment order awarding attorney fees was immediately appealable under I.A.R. 11(a)(7). Because the Wilseys failed to appeal the order within forty-two days, our Court is without jurisdiction to consider the appeal. *State v. Tucker,* 103 Idaho 885, 655 P.2d 92 (Ct.App.1982).

This conclusion is justified by policy concerns as well as by a literal interpretation of the Idaho Appellate Rules. Rule 54(d)(1)(F), I.R.C.P., establishes a substantial nexus between a final judgment and a postjudgment award of attorney fees. It states in pertinent part:

> All attorney fees approved by the court . . . shall be deemed automatically added to the judgment as costs and collected by the Sheriff in addition to the amount of the judgment and other allowed costs.

Moreover, Rule 17(e)(1), I.A.R., provides that if an appeal is taken from a final

judgment, the appeal is deemed to include all postjudgment orders. In view of this nexus between a judgment and a post-judgment order awarding costs or attorney fees to the prevailing parties, we see no reason to allow an appeal from the post-judgment order to be delayed until all other claims involving other parties have been resolved. Such a practice would encourage appeals on stale matters, would impair the principle of finality underlying Rule 54(b), and would create protracted uncertainty for parties who have prevailed in certified final judgments.

Accordingly, this appeal is dismissed.

WALTERS, C.J., and SWANSTROM, J., concur.