824 P.2d 190

**Billy ZIEMANN and Esther Ziemann, husband and wife, Plaintiffs–Appellants,**

v.

**Wayne CREED, d/b/a Delta Construction Company, and Daniel J. Fox, d/b/a Fox Electric, Defendants–Respondents.**

**No. 18490.**

Court of Appeals of Idaho.

Jan. 30, 1992.

Lempesis & Kroeger of Post Falls for plaintiffs-appellants. Ronald D. Watson argued.

Quane, Smith, Howard & Hull of Coeur d'Alene for defendant-respondent, Wayne Creed. Randall R. Adams argued.

Eismann Law Office of Coeur d'Alene for defendant-respondent, Daniel J. Fox. D. Samuel Eismann argued.

PER CURIAM.

Billy and Esther Ziemann's negligence action against the respondents, Wayne Creed and Daniel Fox, was dismissed pursuant to a summary judgment entered on May 1, 1989. The judgment contained an I.R.C.P. 54(b) certificate making the judgment final; however, no appeal was taken from that judgment nor was any motion filed which would extend the time to appeal or result in an amended judgment from which an appeal could be pursued. Both respondents later asserted claims for recovery of their costs and attorney fees incurred in the action. Separate orders granting costs to Creed and to Fox, in specified amounts, were entered on June 19 and September 11, and on November 13 the district court entered a memorandum decision and order awarding attorney fees to each of those parties. In the latter order, the court directed counsel for Creed and Fox to submit "supplemental judgments," which were then submitted to the court and filed on November 29, 1989. The Ziemanns filed a notice of appeal from the "supplemental judgments" on January 5, 1990. They challenge the court's finding, in its memorandum decision and order of November 13, that fees should be awarded to the respondents because the Ziemanns' action was brought unreasonably and without foundation.

We dismiss the appeal as untimely. Clearly, if the Ziemanns had filed a notice of appeal within forty-two days of the summary judgment, all orders entered after the judgment appealed from would have been deemed included in the appeal and subject to appellate review. I.A.R. 17(e)(1)(C). But such is not the case here.

As postjudgment orders relating to the certified, final summary judgment, the June 19, September 11 and November 13 orders were independently appealable under I.A.R. 11(a)(7); see, e.g., St. John v. O'Reilly, 80 Idaho 429, 333 P.2d 467 (1958); State ex rel. Moore v. Lawson, 105 Idaho 164, 667 P.2d 267 (Ct.App.1983). As to each of those orders, appellate jurisdiction would vest only if a notice of appeal was filed within forty-two days of the entry of the particular order sought to be challenged. I.A.R. 14. The entry of the "supplemental judgments" did not affect the time to appeal from the orders determining entitlement to the awards of costs or fees or to the amounts of those awards; no "supplemental judgment," in addition to the order fixing the right to recover those awards, was required either for finality or for the collection of the costs and attorney fee awards. See I.R.C.P. 54(d)(1)(F); Wilsey v. Fielding, 115 Idaho 437, 767 P.2d 280 (Ct.App.1989). Although the Ziemanns' notice of appeal was filed within forty-two days of the "supplemental judgments," it was filed more than forty-two days following the order setting the award of attorney fees on November 13, 1989— the "order made after final judgment" which they seek to challenge on this appeal. I.A.R. 11(a)(7). Accordingly, we conclude the appeal from that order is untimely and the appeal must be dismissed.

Costs to respondents, Creed and Fox. No attorney fees on appeal.