129 P.3d 1235

Joseph E. BENNINGER and Edith I. Benninger, husband and wife, Plaintiffs–Respondents–Cross Appellants,

v.

Thomas E. DERIFIELD, a single person, and Julie Freed, a single person, Defendants–Appellants–Cross Respondents.

No. 30999.

Supreme Court of Idaho, Coeur d'Alene, October 2005 Term.

Feb. 2, 2006.

Finney, Finney & Finney, Sandpoint, for appellants. Rex A.M. Finney argued.

Winston & Cashatt, Coeur d'Alene, for respondents. Brian T. McGinn argued.

SCHROEDER, Chief Justice.

This case involves a claim for easement, nuisance, injunctive relief, and monetary damages by Joseph E. Benninger and Edith I. Benninger (the Benningers) against Thomas E. Derifield and Julie Freed (collectively, "Derifield") for alleged interference and obstruction of a shared driveway easement. Derifield claims that the district court erred in determining that the Benningers have an express easement across the Derifield property and that Derifield's interference with this claimed easement constituted a nuisance. On cross-appeal the Benningers maintain that the district court could have determined that the Benningers acquired a driveway easement by prescription; that the district court erred in not defining the scope of the easement with sufficient particularity; and, that the district court erred in refusing to award the Benningers monetary damages.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The Benningers purchased Lot 3 of Garfield Bay Addition No. 2, in Bonner County in 1967 and built their home on Lot 3. Derifield purchased Lots 4 and 5 which are adjacent to the Benninger property in 2000. Derifield's home is located on Lot 4. A driveway which crosses the Derifield property and ends on the Benninger property provides the only road access for the Benningers to West Garfield Bay Road, a county road. The driveway has been in existence and use from before the time that both parties bought their properties.

Shortly after purchasing his property, Derifield hired contractors to make improvements to the driveway. Additionally, Derifield logged a portion of his property, placed miscellaneous items on the driveway, including furniture, water hoses, garbage cans, and tools, and also used the driveway to park vehicles—all of which interfered with the Benningers' ability to use the driveway to get to their home. To reach their house, the Benningers, a couple in their 70s, were forced to park on West Garfield Bay Road, and use a flight of stairs.

The Benningers confronted Derifield about the various obstructions to the driveway. Derifield refused to recognize the Benningers' right to use the driveway. The Benningers filed a lawsuit against Derifield on April 22, 2002, alleging: (1) negligent or intentional interference with the property rights of the Plaintiffs; (2) nuisance; (3) quiet title for easement rights; (4) declaratory judgment for easement rights; (5) injunctive relief to prohibit interference with the claimed easement rights; and (6) compensatory damages.

Derifield denied all of the Benningers' claims and counterclaimed for: (1) a decree quieting title to his real property free and clear from any of the Benningers' claims; or (2) relocation of the easement, pursuant to I.C. § 55–313, if an easement should be found. The Benningers denied Derifield's claims.

The district court issued a preliminary injunction, directing Derifield to maintain a clear lane for "the unobstructed, reasonable, and safe passage of a single vehicle as access to and from the Benninger property." Derifield objected. As a result of Derifield's failure to comply with the injunction the district court found Derifield to be in contempt of court, fined him $1,000.00 and awarded the Benningers attorney fees and costs associated with the contempt proceedings.

The Benningers filed an amended complaint for the claims of (1) negligent or intentional interference with property rights; (2) nuisance; (3) express easement; (4) prescriptive use; (5) quiet title to easement; (6) declaration as to easement rights; (7) determination of scope and extent of easement rights; (8) injunctive relief to preclude interference of the easement; and (9) compensatory damages.

Following trial the district court issued a memorandum decision and a judgment holding that (1) an express driveway easement exists over, through, and across Derifield's property (the servient estate) in favor of the Benningers' property (the dominant estate); (2) the driveway easement is 12 feet in width throughout its course from its beginning at West Garfield Bay Road to its end at the Benningers' property; (3) Derifield's acts of obstruction and interference with the Benningers' use of the driveway constituted a nuisance; (4) Derifield is permanently enjoined from obstructing or blocking the driveway; (5) Derifield was entitled to modify and relocate the driveway to its current location; (6) the Benningers' claims for negligent or intentional interference with property rights were denied; and (7) the Benningers' claim for compensatory damages was denied. From the district court's order, Derifield appeals, and the Benningers cross-appeal.

## II.

### STANDARD OF REVIEW

Review of the lower court's decision is limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law. *Alumet v. Bear Lake Graz-*

*ing Co.*, 119 Idaho 946, 812 P.2d 253 (1991). A trial court's findings of fact in a court tried case will be liberally construed on appeal in favor of the judgment entered, in view of the trial court's role as trier of fact. *Lindgren v. Martin*, 130 Idaho 854, 857, 949 P.2d 1061, 1064 (1997); *Sun Valley Shamrock Resources, Inc. v. Travelers Leasing Corp.*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990). It is the province of the district judge acting as trier of fact to weigh conflicting evidence and testimony and to judge the credibility of the witnesses. *Abbott v. Nampa Sch. Dist. No. 131*, 119 Idaho 544, 808 P.2d 1289 (1991); I.R.C.P. 52(a). If the findings of fact are based on substantial evidence, even if the evidence is conflicting, they will not be overturned on appeal. *Hunter v. Shields*, 131 Idaho 148, 953 P.2d 588 (1998). However, this Court exercises free review over the lower court's conclusions of law to determine whether the court correctly stated the applicable law, and whether the legal conclusions are sustained by the facts found. *Burns v. Alderman*, 122 Idaho 749, 752–53, 838 P.2d 878, 881–82 (Ct.App.1992).

## III.

### THE DISTRICT COURT'S FINDINGS ESTABLISH THE EXISTENCE OF A PRESCRIPTIVE EASEMENT

 Derifield maintains that the district court erred in its determination that the Benningers have an express easement across the Derifield property. The district court's decision is based upon language in deeds and sales agreements relating to the properties in issue. The legal effect of an unambiguous written document must be decided by the trial court as a question of law. If, however, the instrument of conveyance is ambiguous, interpretation of the instrument is a matter of fact for the trier of fact. *Latham v. Garner*, 105 Idaho 854, 673 P.2d 1048 (1983). In interpreting and construing deeds of conveyance, the primary goal is to seek and give effect to the real intention of the parties. *Neider v. Shaw*, 138 Idaho 503, 65 P.3d 525 (2003); *C & G, Inc. v. Rule*, 135 Idaho 763, 25 P.3d 76 (2001). If the language of a deed is plain and unambiguous, the intention of the parties must be ascertained from the

deed itself and extrinsic evidence is not admissible. *Simons v. Simons*, 134 Idaho 824, 11 P.3d 20 (2000). Uncertainties should be treated as ambiguities; such ambiguities are subject to be cleared up by resort to the intention of the parties as gathered from the deed, from the circumstances attending and leading up to its execution, from the subject matter, and from the situation of the parties at the time. *City of Kellogg v. Mission Mountain Interests*, 135 Idaho 239, 16 P.3d 915 (2000). As it concerns the creation of an easement, the Idaho Court of Appeals has suggested that:

> [A]n easement may be created by way of exception or by reservation.... No particular forms or words of art are necessary; it is necessary only that the parties make clear their intention to establish a servitude. Regardless of the terms used, courts generally will attempt to ascertain the intention of the parties by referring not only to the language of the deed, but also to the circumstances attending the transaction and the condition of the property.

*Seccombe v. Weeks*, 115 Idaho 433, 436, 767 P.2d 276, 279 (Ct.App.1989), disapproved of on other grounds, *Rodriguez v. Oakley Valley Stone, Inc.*, 120 Idaho 370, 378, 816 P.2d 326, 334 (1991).

The district court observed that the sales agreements were not models of clarity. It then found that the driveway was clearly visible on the premises, that the driveway access had been present and in use, and that the driveway provided access to the respective property owners over the years. The district court analyzed the following documents:

*For Lot 3:*

In the Lucas–Benninger Sale Agreement dated December 15, 1967:

> "IT IS AGREED AND UNDERSTOOD the above described property is *subject to easement for roads (driveway)*, pump and water system as they now exist in favor of Lots 3, 4, 5, and 6 of said Garfield Bay Addition No.2."

In the Lucas–Benninger Warranty Deed dated December 14, 1967, and recorded April 6, 1974:

> **SUBJECT TO:**
>
> . . .
>
> **Easement for roads (driveways),** pump and water system as they now exist in favor of Lots 3, 4, 5 and 6 of said Garfield Bay Addition No.2.

**For Lot 4:**

In the Lucas–Wigley Sale Agreement dated January 23, 1968:

> IT IS UNDERSTOOD the above described property is **subject to easement for roads (driveway),** pump and water system as they now exist in favor of Lots 3, 4, 5, and 6 of said Garfield Bay Addition No.2.

**For Lot 5:**

In the Van Slyke–Van Doren Warranty Deed dated August 29, 1985:

> . . . free from all encumbrances except . . . any private rights of way, **easements,** or prescriptive rights . . .

**For Lots 4 and 5:**

In the Van Doren–Derifield Warranty Deed dated May 31, 2000:

> SUBJECT TO: . . . Easements, restrictions, reservations, provisions of record, and Assessments for the Garfield Water and Sewer District, if any.
>
> . . .
>
> Said premises are free from all encumbrances except current years taxes, levies, and assessment, and except U.S. Patent reservations, restrictions, easements of record, and easements visible upon the premises. . . .

As it concerns Lots 3 and 4, the evidence establishes that Lucas owned Lot 4 when the Lucas–Benninger sale of Lot 3 occurred, and therefore Lucas had the legal right to grant a driveway easement over Lot 4. Also, when the Lucas–Wigley sale occurred, there was no reservation of an interest in land to a stranger (the Benningers), only the confirmation of an interest in the right of way that had been previously created by the Lucas–Benninger transfer.

■ As it concerns Lot 5, the district court noted that although the language regarding the easement was exactly the same as that in the conveyance documents for Lots 3 and 4, the Benningers were strangers to the transaction and "the evidence does not show that Lucas was entitled to convey an interest in Lot 5 when either the Lucas–Benninger or the Lucas–Wigley transactions occurred." This finding supports Derifield's contention that the instruments for Lot 5 are void for all purposes as they contain reservations to strangers. *See Hodgins v. Sales,* 139 Idaho 225, 76 P.3d 969 (2003). However, the district court found Derifield's "factual position" to outweigh his legal argument and lend more support to the Benningers' claim that an express driveway easement existed. This is because, in his own testimony, Derifield actually drew out, on the property map of Exhibit 3 where the original driveway was—starting from the county road below (West Garfield) and continuing on to his property, near his well head. Derifield's testimony was further supported by photographs, and Derifield's own acknowledgement of the driveway through his construction improvements to it. Clearly, the evidence before the trial court established a visible driveway.

■ The district court decision calls into question the adequacy of the documentation to establish an express easement and the so-called "stranger rule" which provides that reservations to strangers are ineffective. *See Hodgins; Davis v. Gowen,* 83 Idaho 204, 360 P.2d 403 (1961). The record is insufficient to establish an express easement. However, under the factual findings of the district court that are not in question it is unnecessary to determine those questions. The district court's factual findings establish the existence of an easement by prescription.

The Benningers purchased Lot 3 in 1967. The driveway was in use prior to that time. The driveway was clearly in use prior to the time Derifield purchased his property. The Benningers have used the driveway for ingress and egress to their home. It has provided access for visitors and as access in case of emergency caused by fire or health problems. According to the district court, "The

Benningers did not seek or obtain any other party's permission to use the driveway." The driveway was clearly visible to Derifield who acquired his property subject to "easements of record, and easements visible on the premises...."

The decision of the district court does not address the presumption that when the alleged easement is over wild and unenclosed lands the use of such lands is permissive. However, the record in this case is clear that this property is not wild and unenclosed lands in the manner intended to be protected by the presumption. The property in question has been part of Garfield Bay Addition No. 2 since some time before 1967 when the Benningers purchased Lot 3. It is subdivision property. The presumption of permissive use does not apply. The finding of the district court that the Benningers have used the driveway without seeking or obtaining anyone's permission is supported by substantial, competent evidence.

The findings of the district court establish the elements of a prescriptive easement. The only issue that remains in that regard is the scope of that easement which may or may not be the same as that determined by the district court for an express easement. A remand is necessary to define the scope of the easement.

### IV.

### THE DISTRICT COURT'S DETERMINATION THAT THE BENNINGERS ARE NOT ENTITLED TO MONETARY DAMAGES IS SUPPORTED BY THE EVIDENCE

 The Benningers' cross appeal maintains that the district court should have awarded them monetary damages. Idaho Code § 52–111 states that "by the judgment the nuisance *may* be enjoined or abated, as well as damages recovered," not "*shall.*" Remedies for nuisance include abatement, injunction, and damages. *Rowe v. City of Pocatello*, 70 Idaho 343, 218 P.2d 695 (1950); *Koseris v. J.R. Simplot Co.*, 82 Idaho 263, 352 P.2d 235 (1960). "An injunction may issue to restrain a threatened or anticipated nuisance when it clearly appears that a nuisance will necessarily result from the contemplated act or thing sought to be enjoined." *Larsen v. Vill. of Lava Hot Springs*, 88 Idaho 64, 73, 396 P.2d 471, 476 (1964). The district court noted that some interference occurred when Derifield logged his property and made improvements to the driveway, but these interferences were limited and the Benningers had alternate access to their property during this limited time. The placement of vehicles and other items which obstructed the driveway did constitute a nuisance. The district court observed that the driveway itself was no longer obstructed or blocked but chose to enjoin Derifield from obstructing or blocking the driveway in the future.

 Concerning an award of damages for the nuisance, the "[r]ight of recovery depends upon the existence of the nuisance ... the ascertainment of damages depends upon the extent of the injury." *Conley v. Amalgamated Sugar Co.*, 74 Idaho 416, 424, 263 P.2d 705, 709 (1953). For an award of general damages, discomfort, annoyance and inconvenience *sustained* by the plaintiff are appropriate elements of a damages award in an action for nuisance. *Pollard v. Land West, Inc.*, 96 Idaho 274, 526 P.2d 1110 (1974). Having determined that the driveway was no longer obstructed, the district court found that the nuisance had stopped, and since there was no longer an injury being sustained in the obstruction or blocking of the driveway, the Benningers were not entitled to general damages.

 For an award of actual damages a "mere allegation of diminished property value is not sufficient to meet the requirement of showing actual and substantial damage to the property itself." *Mock v. Potlatch Corp.*, 786 F.Supp. 1545, 1551 (D.Idaho 1992) (citing *Bradley v. American Smelting & Refining Co.*, 635 F.Supp. 1154 (W.D.Wash. 1986)). There is no diminished property value here. Additionally, the district court considered the fact that the disputed "driveway itself has most likely been improved." For these reasons the district court did not err in refusing to award monetary damages to the Benningers for Derifield's acts of nuisance.

## V.

## CONCLUSION

The determination of an express easement is vacated. The case is remanded to the district court to determine the scope of the prescriptive easement that has been established. The Benningers are awarded costs. No attorney fees are allowed.

Justices TROUT, EISMANN, BURDICK and JONES concur.