IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38397

| CHARLES KENDALL, | ) | 2012 Unpublished Opinion No. 346 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: February 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NANCY ORTHMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment dismissing complaint for unjust enrichment, <u>affirmed</u>.

James Annest, Burley, for appellant.

Donald J. Chisholm, Burley, for respondent.

_____

MELANSON, Judge

Charles Kendall appeals from the district court's judgment dismissing his complaint against Nancy Orthman with prejudice. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 1999, Orthman and Kendall began dating. In 2000, Orthman purchased a house and five acres as her separate property for approximately $62,000. Orthman and Kendall moved into the property as unmarried cohabitants. Orthman and Kendall made improvements to the property. In 2006, Orthman and Kendall ended their romantic relationship and the two no longer cohabitated. In 2008, Orthman sold the property for approximately $130,000. Kendall sued Orthman for unjust enrichment, arguing he was entitled to a share of the sale price because the barn and corrals that he built contributed to the increased value of the property. After a bench trial, the district court entered a judgment dismissing Kendall's complaint with prejudice. Kendall appeals, arguing the district court erred in excluding certain evidence and in its findings of fact and conclusions of law.

1

## II.

## STANDARD OF REVIEW

Review of a trial court's conclusions following a bench trial is limited to ascertaining whether the evidence supports the findings of fact and whether the findings of fact support the conclusions of law. *Benninger v. Derifield*, 142 Idaho 486, 488-89, 129 P.3d 1235, 1237-38 (2006). Since it is the province of the trial court to weigh conflicting evidence and testimony and to judge the credibility of witnesses, this Court will liberally construe the trial court's findings of fact in favor of the judgment entered. *Rowley v. Fuhrman*, 133 Idaho 105, 107, 982 P.2d 940, 942 (1999). This Court will not set aside a trial court's findings of fact unless the findings are clearly erroneous. I.R.C.P. 52(a); *Ransom v. Topaz Mktg., L.P.*, 143 Idaho 641, 643, 152 P.3d 2, 4 (2006). If the trial court based its findings on substantial evidence, even if the evidence is conflicting, this Court will not overturn those findings on appeal. *Benninger*, 142 Idaho at 489, 129 P.3d at 1238. Additionally, this Court will not substitute its view of the facts for that of the trial court. *Ransom*, 143 Idaho at 643, 152 P.3d at 4. This Court exercises free review over matters of law. *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002).

## III.

## ANALYSIS

Kendall argues that the district court erred by entering a judgment dismissing his complaint with prejudice. Specifically, Kendall argues that the district court erred by excluding testimony regarding the parties' oral agreement wherein Orthman purportedly acknowledged that she had received a benefit from the improvements Kendall made to the property and offered to pay him for the improvements. Kendall also argues that the trial court erred in its application of the law to the facts in finding that Kendall conferred no benefit to Orthman or, alternatively, if there was a benefit conferred it was not unjust for Orthman to keep the benefit because Kendall was an officious intermeddler.

### A. Admission of Evidence

At trial, Kendall sought to elicit testimony showing that Orthman offered to compensate him for the improvements he made to the property. Kendall argues the district court erred in excluding this testimony pursuant to I.R.E. 408. Idaho Rule of Evidence 408 governs the admission of offers to compromise and provides that evidence of offering a valuable consideration in an attempt to compromise a claim, which was disputed as to either validity or

amount, is not admissible to prove liability for, invalidity of, or amount of the claim. The rule does not require the exclusion of evidence of an offer to compromise if it is offered for another purpose such as to prove bias, prejudice, or to rebut a contention of undue delay or an effort to obstruct a criminal prosecution. I.R.E. 408.

A trial court has broad discretion in the admission of evidence at trial; its judgment will only be reversed when there has been a clear abuse of discretion. *Baker v. Shavers, Inc.*, 117 Idaho 696, 698, 791 P.2d 1275, 1277 (1990). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

At trial, Kendall argued the discussion in which Orthman offered to compensate him for the improvements did not fall under I.R.E. 408 because Orthman's statements were an admission that demonstrated she understood she received a benefit from the improvements Kendall made to the property and recognized she was obligated to reimburse Kendall for the benefit she received. Kendall indicated at trial that the conversation regarding compensation took place on the day Orthman asked him to leave the property. Therefore, when the conversation took place, Orthman and Kendall were no longer cohabitants and a potentially-adversarial relationship existed between the parties.

During the conversation, Kendall claimed he should be reimbursed for building the barn and other improvements on Orthman's property. Kendall's claim of reimbursement was in dispute as to both validity and amount. The offer made by Orthman during the conversation was an offer to settle Kendall's claim and to compensate him for the improvements he made to her property. Kendall sought to admit evidence of the conversation at trial to prove one of the elements of his unjust enrichment claim--that Orthman recognized she had received a benefit from the improvements. Therefore, Kendall sought to use evidence of Orthman's offer to compensate to demonstrate Orthman's liability. Idaho Rule of Evidence 408 prohibits the admission of evidence of offers to compensate or compromise to show liability. In addition, Kendall failed to demonstrate that the evidence was being admitted for some other purpose, such

as to show bias or prejudice. Therefore, we hold the district court did not abuse its discretion when it excluded this evidence pursuant to I.R.E. 408.

**B. Evidence of Unjust Enrichment**

Kendall also argues that the trial court erred in its application of the law to the facts in finding that Kendall conferred no benefit to Orthman or, alternatively, if there was a benefit conferred it was not unjust for Orthman to keep the benefit because Kendall was an officious intermeddler. Unjust enrichment occurs where a defendant receives a benefit that would be inequitable to retain without compensating the plaintiff to the extent that retention is unjust. *Beco Constr. Co. v. Bannock Paving Co.,* 118 Idaho 463, 466, 797 P.2d 863, 866 (1990). A prima facie case of unjust enrichment consists of three elements: (1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof. *Aberdeen-Springfield Canal Co. v. Peiper*, 133 Idaho 82, 88, 982 P.2d 917, 923 (1999). The measure of damages is not necessarily the value of the money, labor, and materials provided by the plaintiff to the defendant, but the amount of benefit the defendant received that would be unjust for the defendant to retain. *Nielson v. Davis*, 96 Idaho 314, 315-16, 528 P.2d 196, 197-98 (1974); *Continental Forest Prod., Inc. v. Chandler Supply Co.*, 95 Idaho 739, 743-44, 518 P.2d 1201, 1205-06 (1974). The party who has conferred the benefit and who is seeking the return of the full amount thereof has the burden of proving that it would be unjust for the recipient to retain any part of the benefit. *Toews v. Funk*, 129 Idaho 316, 323, 924 P.2d 217, 224 (Ct. App. 1994).

At trial, Kendall presented evidence of the improvements he made to Orthman's property. Kendall's testimony described in extensive detail the steps he took in clearing the property of weeds and debris, installing an irrigation system, and building the barn and corrals. Kendall testified that he purchased some of the materials he used in the barn and corrals from a building supply store but stated that many of the materials were salvaged. Kendall did not enter into evidence any receipts documenting his purchases. Kendall presented the testimony of an appraiser. The appraiser testified, however, that he had not done a formal appraisal of the Orthman property and that, as such, he was unable to apportion the increased value of the property between the land, house, and barn.

4

Orthman presented evidence at trial of the improvements she made to her property over the course of her relationship with Kendall. She indicated she did not request Kendall make improvements to her property, nor did she deny him the permission to do so. Orthman also presented testimony of a realtor who was involved in the sale of the property. Relying on the sale of similar property that did not have barns, the realtor testified, in his opinion, the property would have sold for the same amount with or without the barn and corrals.

Kendall presented testimony from the buyers of the property who cited the presence of the barn and corrals as the main reason they purchased the property. This subjective testimony did not, however, demonstrate that the property was worth more because of the presence of the barn or that another purchaser could not have been found who would have purchased the property for the same price even had the barn and corrals not been present. The testimony of Kendall's appraiser failed to establish the value of the barn or that the property was worth more with the barn than without it. The appraiser stated that he had not conducted an examination of the property. As such, the appraiser testified he was unable to conclude how much the land, house, and barn had individually contributed to the increased value of the property. Thus, the testimony of the appraiser failed to establish whether the property was worth more because of the barn and corrals. In addition, Orthman's realtor stated that, in his opinion, the property would have sold for the purchase price with or without the barn.

Based on our review of the record, therefore, the district court did not err in its determination that Kendall failed to establish that a benefit was conferred on Orthman by the improvements he made to the property. Kendall failed to meet the burden of proof required to show unjust enrichment. Beyond showing the property was purchased for less than what it later sold for, no credible evidence was presented that demonstrated a benefit was conferred on Orthman. Accordingly, we hold that the district court's finding that Kendall failed to demonstrate a benefit was conferred on Orthman is not clearly erroneous. Because we hold that Kendall failed to establish that Orthman was benefited, we do not address his claim that the district court erred in finding that it was not unjust for Orthman to retain the benefit because Kendall was an officious intermeddler.

## C.    Attorney Fees

Orthman argues she is entitled to an award of attorney fees pursuant to I.C. § 12-121 and I.R.C.P. 54(e)(1). An award of attorney fees may be granted under I.C. § 12-121 and I.R.C.P.

54(e)(1) to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Orthman claims that the present appeal was brought frivolously and for an improper purpose. We conclude that Kendall's claims were without foundation. Therefore, we award Orthman attorney fees on appeal. Costs are granted as a matter of course to Orthman as the prevailing party. I.A.R. 40.

## IV.
## CONCLUSION

The district court did not abuse its discretion when it excluded evidence of Orthman's offer to compensate pursuant to I.R.E. 408. The district court also did not err in finding that Kendall failed to establish he had conferred a benefit on Orthman. Accordingly, the district court's judgment of dismissal with prejudice is affirmed. Costs and attorney fees are awarded on appeal to Orthman.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**