**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 40427**

| | |
|---|---|
| VIANNA STIBAL, dba THETAHEALING INSTITUTE OF KNOWLEDGE, INC., and NATURE'S PATH, ) ) ) ) | |
| Plaintiffs-Respondents, ) | Idaho Falls, May, 2014 Term |
| ) | |
| v. ) | 2014 Opinion No. 107 |
| ) | |
| APRIL FANO, RIGHT WAY PUBLISHING, LLC, ) ) | Filed: October 29, 2014 |
| ) | Stephen W. Kenyon, Clerk |
| Defendants-Appellants. ) | |
| _____ ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

The judgment of the district court is <u>reversed</u> in part and <u>affirmed</u> in part. Attorney fees and costs on appeal are <u>awarded</u> to appellant Fano against respondents and to respondents against appellant Right Way Publishing, LLC.

Alan F. Johnston, Idaho Falls, attorney for appellants.

Stephen A. Meikle, Idaho Falls, attorney for respondents.

_____

W. JONES, Justice

April Fano and Right Way Publishing, LLC, appeal the district court's judgment following a bench trial in which the district court found Fano liable for breaching a Release Agreement and entered judgment against Fano and Right Way Publishing, LLC, in favor of respondent, Vianna Stibal, for $56,250 in damages and punitive damages and $28,186 in attorney fees and costs. We reverse the judgment in part and affirm in part.

## I. NATURE OF THE CASE

While Fano and Stibal were involved in prior litigation, they reached a settlement through mediation and signed a Release Agreement, which mutually released Stibal and Fano from liability to each other for their acts prior to the agreement. The Release Agreement further

1

prohibited the parties from making any future negative or disparaging comments about the other. Prior to executing the Release Agreement, Fano had provided negative information about Stibal to a book author. Fano also formed a limited liability company and paid to print 500 books about Stibal. The books were printed before the Release Agreement was executed. Stibal subsequently brought the present action, alleging that Fano had breached the Release Agreement.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Vianna Stibal and April Fano were involved in previous litigation in Bonneville County. That litigation included claims by Stibal seeking damages for defamation, libel, slander, and intentional infliction of emotional distress. Fano counterclaimed for fraud, breach of contract, and unjust enrichment. Six days before their scheduled trial, the parties mediated and settled their dispute. As part of the settlement agreement, the parties signed and executed a Release Agreement on July 30, 2010. Stibal paid Fano $12,500 pursuant to the terms of the agreement. The Release Agreement included the following relevant provisions:

8. April and Vianna agree to keep confidential the terms of this Agreement, as well as all matters, documents, and medical records pertaining to the lawsuit unless:

a. Ordered to do so by a court of law,

b. Upon the request of a law enforcement officer acting in his or her official capacity

c. Confidential disclosure to an accountant or tax adviser in connection with preparation of income tax returns or other financial documents as necessary;

d. Agreed to by the parties

9. April and Vianna agree not to make any disparaging, defaming, or otherwise negative comment regarding each other to any third party as of the date of this Agreement forward unless:

a. Ordered to do so by a court of law

b. Upon the request of a law enforcement officer acting in his or her official capacity,

c. Agreed to by the parties.

10. April and Vianna agree to remove any comment regarding each other that is posted on the internet, for which each one of them has control, within 45 days of this agreement. April shall make a good faith effort to have the video of Vianna posted on www.youtube.com regarding USANA removed, and will provide Vianna's attorney with a copy of any correspondence sent in an effort to remove said video.

11. The confidentiality and nondisclosure requirements of this mutual release and hold harmless agreement shall not apply to any statements, disclosures, or other communications to third parties made before the date of this Agreement, whether known or unknown.

12. The mutual release and hold harmless agreement shall apply to any statements, disclosures, or other communications to third parties made before the date of this Agreement, whether known or unknown.

Prior to executing the Release Agreement, Fano provided statements and documents to Lindsay Stock, the former daughter-in-law of Stibal. These documents included emails and portions of depositions from the previous litigation between Fano and Stibal. Lindsay Stock wrote a book called *Shady Healing*, which sought to expose misconduct related to Stibal's business known as ThetaHealing.[1] Stock was unable to get a publisher to publish *Shady Healing*. Fano agreed to pay to publish 500 copies of the book. *Shady Healing* was printed on July 21, 2010, prior to the Release Agreement between Fano and Stibal. The next day, Stock and Fano formed a manager-managed LLC called Right Way Publishing, LLC. Fano and Stock are the two managers of Right Way Publishing, LLC. Fano's home address was listed as Right Way Publishing, LLC's designated office and principal place of business. Fano was listed as the company's agent.

On March 1, 2011, Stibal and the ThetaHealing Institute of Knowledge brought this action against Fano and Right Way Publishing, LLC, for damages relating to Fano's alleged breach of the Release Agreement. After Fano answered the complaint, Stibal filed a motion to add a claim for punitive damages, which the district court granted. Stibal amended her complaint to include claims for breach of the covenant of good faith, fraud in the inducement, fraud on the court, and intentional infliction of emotional distress. On June 1, 2012, the parties agreed to withdraw certain claims and stipulated that the claims to be tried were breach of contract, intentional infliction of emotional distress, and punitive damages.

Fano admitted to having knowledge of the contents of *Shady Healing* at the time she executed the Release Agreement. Fano disclosed neither the existence of *Shady Healing* nor her

---

[1] *Shady Healing* was written "to show that the claims brought forth regarding ThetaHealing are bogus, the root of the Theta tree is lies, deceit, fraud and the proofs are exaggerated, claims of inconsistencies that have spread from teacher, respondent, to students, practitioners, and clients." *Shady Healing* likens ThetaHealing to a cult. Some of the more opprobrious allegations in *Shady Healing* are that Stibal does not pay her taxes, her program is illegal, Stibal sells fake doctorates, and Stibal is scamming people. Additionally, *Shady Healing* accuses Stibal of being a drug user and using heroin and massive amounts of cocaine. Furthermore, the book says that Stibal sleeps with people to pay for her cocaine. The book also calls ThetaHealing dangerous and alleges that Stibal's friends end up dead.

3

involvement with it before executing the Release Agreement. Finally, Fano admitted that she knew that *Shady Healing* would be sold and intended for it to be read after she executed the Release Agreement. The district court found that the book contained negative and disparaging comments about Stibal.

Following a bench trial, the district court issued its decision, ruling that Fano had breached the Release Agreement with Stibal; that Stibal proved actual damages of $6,250, representing one-half of the amount paid by Stibal to Fano to settle the prior lawsuit; that Fano's conduct was extreme and outrageous; and that punitive damages in the amount of $50,000 were proper. A judgment was entered by the district court in favor of the plaintiffs and against the defendant April Fano and Right Way Publishing, LLC, for $56,250, together with interest at the legal rate. The judgment was filed on September 20, 2012. On October 17, 2012, a notice of appeal from the judgment was filed by April Fano. She alone was named as the appellant; Right Way Publishing, LLC, was designated as a defendant but not as an appellant in the caption and recitals of the notice of appeal. No timely notice of appeal from the judgment for damages was ever filed by Right Way Publishing, LLC.

The plaintiffs filed a Memorandum of Costs and Fees on October 3, 2012 and Right Way Publishing, LLC filed a motion for attorney fees on October 12, 2012.

On October 25, 2012, April Fano filed an amended notice of appeal, still designating her as the appellant and Right Way Publishing, LLC, only as a defendant. This notice of appeal appears to differ from the first notice of appeal merely with regard to a request that the transcript be provided in electronic form.

On November 29, 2012, the district court issued an opinion and order granting an award to the plaintiffs for $28,186.70 for attorney fees and costs, concluding that the plaintiffs were the prevailing parties. The district court denied Right Way Publishing, LLC's motion for attorney fees and costs.

On February 12, 2013, a document entitled "final judgment" was entered in favor of the plaintiffs and against defendants April Fano and Right Way Publishing, LLC, for damages in the amount of $56,250, attorney fees in the amount of $27,670 and costs in the amount of $516.70. A second amended notice of appeal was filed on February 14, 2013, showing both April Fano and Right Way Publishing, LLC, as appellants.

### III. ISSUES ON APPEAL

1. Whether the district court erred when it ruled that Fano breached the Release Agreement between her and Stibal arising from the previous litigation.

2. Whether the district court's finding that Stibal suffered actual damages in the amount of $6,250 is supported by substantial and competent evidence.

3. Whether the district court erred when it awarded Stibal $50,000 in punitive damages because Fano's conduct was intentional, extreme, and outrageous.

4. Whether the district court erred when it awarded attorney fees to Stibal.

5. Whether the district court erred when it denied the motion by Right Way Publishing, LLC, for an award of attorney fees and costs.

6. Whether any party is entitled to attorney fees on appeal.

## IV. STANDARD OF REVIEW

Review of a trial court's conclusions following a bench trial is limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law. *Benninger v. Derifield*, 142 Idaho 486, 488–89, 129 P.3d 1235, 1237–38 (2006) (citing *Alumet v. Bear Lake Grazing Co.*, 119 Idaho 946, 949, 812 P.2d 253, 256 (1991)). Since it is the province of the trial court to weigh conflicting evidence and testimony and to judge the credibility of witnesses, this Court will liberally construe the trial court's findings of fact in favor of the judgment entered. *Rowley v. Fuhrman*, 133 Idaho 105, 107, 982 P.2d 940, 942 (1999). This Court will not set aside a trial court's findings of fact unless the findings are clearly erroneous. *Ransom v. Topaz Mktg.*, L.P., 143 Idaho 641, 643, 152 P.3d 2, 4 (2006); I.R.C.P. 52(a). If the trial court based its findings on substantial evidence, even if the evidence is conflicting, this Court will not overturn those findings on appeal. *Benninger*, 142 Idaho at 489, 129 P.3d at 1238. Additionally, this Court will not substitute its view of the facts for that of the trial court. *Ransom*, 143 Idaho at 643, 152 P.3d at 4. This Court exercises free review over matters of law. *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002) (citing *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 760, 992 P.2d 751, 755 (1999)).

*Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009).

## V. APPELLATE PROCEDURE

Before reaching the merits of any of the issues raised on this appeal, it is necessary to consider the scope of the appeal. A timely notice of appeal is essential to vesting jurisdiction in the Supreme Court of Idaho. *Neal v. Harris*, 100 Idaho 348, 350, 597 P.2d 234, 236 (1979). The "Failure to comply with time restrictions is jurisdictional and shall cause automatic dismissal of such appeal. I.A.R. 21." *Goodman Oil v. Duro-Bilt*, 147 Idaho 56, 58-59, 205 P.3d 1192, 1194-1195 (2009).

Idaho Appellate Rule 14(a) provides that

> "Any appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action."

This rule further provides that the time for appeal may be terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action except motions under Idaho Rule of Civil Procedure 60 or any motions regarding costs or attorney fees.

Accordingly, April Fano's notice of appeal on October 17, 2012, from the judgment for damages entered on September 20, 2012, was timely because it was filed within 42 days from the date the judgment was entered. That judgment was a final judgment under Idaho Rule of Civil Procedure 54(a) because it was a "judgment . . . entered on all claims for relief, except costs and fees, asserted by or against all parties in the action." The second amended notice of appeal filed by April Fano on February 14, 2013, while it appears timely as to the "final judgment" which was entered on February 12, 2013, and which included the award of attorney fees and costs, was unnecessary. The original timely notice of appeal filed on October 17, 2012, is deemed to include all post-judgment orders, such as the order awarding costs or attorney fees to the prevailing party. See I.A.R. 17(e)(1)(c); *Wilsey v. Fielding,* 115 Idaho 437, 767 P.2d 280 (Ct.App.1989).

The appeal by Right Way Publishing, LLC, suffers from certain procedural infirmities. Right Way Publishing, LLC, did not timely file a notice of appeal from the judgment for damages which was entered on September 12, 2012. Consequently, that award is not reviewable on appeal with respect to Right Way Publishing, LLC. Right Way Publishing, LLC, also did not timely file a notice of appeal either from the post-judgment order denying its motion for attorney fees which was entered on November 29, 2012, or the order granting attorney fees and costs to the plaintiffs also entered on November 29, 2012. See Idaho Appellate Rule 11(a)(7). So, these orders also are not reviewable with respect to Right Way Publishing, LLC.

## VI. ANALYSIS

6

**A.      The District Court's Breach of Contract Ruling Is Not Supported by Substantial and Competent Evidence.**

The district court ruled that Fano was responsible for the comments and documents contained in *Shady Healing*, which it determined were obtained from the previous litigation. The district court also found that Fano was substantially involved in bringing *Shady Healing* to market, including providing Stock with information Fano obtained from the previous litigation with Stibal; paying to print 500 copies of *Shady Healing*; and being a manager of Right Way Publishing, LLC. The district court ruled that *Shady Healing*, which was sold, distributed, and read after the Release Agreement, would not have been published but for Fano's involvement. The district court found these actions coupled with Fano's failure to disclose the existence of the book constituted a breach of the Release Agreement.

Fano argues that the district court erred when it ruled that Fano breached the Release Agreement because all of the activity complained of occurred *before* the Release Agreement was executed. Fano relies on the plain language of the Release Agreement, which contemplates indemnity for any and all activity, either known or unknown, which might have occurred before its execution.  We conclude that Fano is correct.

A court shall construe contracts according to the plain language used by the parties, and the court shall not substitute that to which it thinks the parties should have agreed for what the contract shows they did agree. *E.g.*, *Ohms v. Church of the Nazarene*, 64 Idaho 262, 130 P.2d 679 (1942). The express and unambiguous purpose of the Release Agreement in this case was to release both Stibal and Fano of all claims that they had against each other before its execution, regardless of whether or not they were disclosed. Indeed, the Release Agreement expressly contemplates that potential causes of actions were not disclosed by the parties because it includes the language "whether known or unknown." The district court held that Fano committed fraud by entering into the Release Agreement knowing that it would hold her harmless for her actions that might otherwise be the subject of future litigation. However, this interpretation of the Release Agreement renders the indemnity provision superfluous and is thus an unreasonable interpretation of the Release Agreement. A party is under no legal obligation to come forward and admit liability under either the law or the Release Agreement in this case. A party is under no legal obligation to decline any settlement offer that is advantageous to limiting his or her liability. Certainly, the advantage of a Release Agreement is to limit a party's liability that might

7

exist before its execution. Indeed, such an indemnity provision is most valuable where it extinguishes a party's potential liability for his or her possible misconduct.

Here, Fano made statements that Stibal believed were libelous. Fano supplied emails, depositions, statements, and paid for a book that may be deemed negative and disparaging toward Stibal. However, it was not fraudulent for Fano to accept an agreement that would protect her from liability for her actions related to *Shady Healing*. There is nothing fraudulent about a party agreeing to an indemnity provision knowing that it will act to extinguish possible claims against him or her. Indeed, the primary reason why someone would agree to such a provision is to limit his or her liability.

The Release Agreement could have but did not require the parties to disclose or warrant their conduct prior to executing the agreement. It is not uncommon in release agreements to also obtain warranties and representations regarding the conduct of the parties. Such warranties and representations are important because they provide a basis on which breach can be proved. In the absence of such warranties, a failure to disclose is not fraudulent. Because there were no warranties or representations required of the parties, Fano had no obligation to represent anything to Stibal. The parties had freedom of contract and such a provision could have been included. The parties also could have excluded the "known or unknown" language from the Release Agreement or only indemnified "known" conduct. Quite simply, Fano made *no* misrepresentations because Stibal failed to ask about her prior conduct.

The only post-Release Agreement activity to which Stibal can point to justify her breach of contract claim is Fano's continued management of Right Way Publishing, LLC, which was distributing *Shady Healing* after the Release Agreement. But Stibal did not demonstrate that Fano possessed any actual authority as a member-manager of Right Way Publishing, LLC, to stop the distribution of *Shady Healing*.[2] It is possible under Idaho law that Fano possessed the

---

[2] As a general rule, a manager of a manger-managed LLC owes fiduciary duties to the limited liability company and its members. Ann K. Wooster, *Construction and Application of Limited Liability Company Acts*, 48 A.L.R. 6th 1 (2009). Right Way Publishing, LLC, was a manager-managed limited liability company registered in Utah. In a manager-managed LLC, "*any* matter relating to the activities of the company is *exclusively* decided by the managers." I.C. § 30-6-407(3)(a) (emphasis added); *see also* Utah Code Ann. § 48-2c-802(2)(a). Each manager is an agent of the company with equal powers to bind the company and has equal rights to the conduct and activities of the company. I.C. § 30-6-407(3)(b); *see also* Utah Code Ann. § 48-2c-802(2)(c). The primary distinction between a manager-managed LLC and a member-managed LLC is that in a manager-managed LLC the manager has the authority to decide exclusively any matter relating to the LLC's activities. I.C. § 30-6-407. The Idaho Code contemplates that any disputes regarding the activities of a manager, unless provided otherwise in the operating agreement, be resolved by a majority of the managers. *Id.* A member-manager is entitled to step down as a manager

authority to direct *all* of the activities of Right Way Publishing, LLC, but it is also possible that the parties contracted around this foundational law in their operating agreement because the parties also agreed that 51% agreement of the managers were required to direct the operations of Right Way Publishing, LLC. When pressed on this issue at oral argument, the only evidence that Stibal could identify indicating that Fano could have prevented the distribution of *Shady Healing* was that Fano could have not delivered the books to Right Way Publishing, LLC. However, this fails to address the scope of Fano's authority as a member-manager of Right Way Publishing, LLC, and as a manager of Right Way Publishing, LLC. Fano owed fiduciary duties to the LLC.

Stibal presented no evidence that Fano could have prevented the distribution of *Shady Healing*. Fano picked up the *Shady Healing* books from the printer before entering into the Release Agreement and mailed them to Stock, thereby divesting herself of control of the books, before entering into the Release Agreement. There is nothing in the Release Agreement that imposed on Fano an affirmative duty to mitigate her pre-Release Agreement activity or the activity of others. *Shady Healing* was written by Stock, not Fano. Presumably, Stock continues to own the manuscript and copyright to the book. Stibal presented no evidence to the contrary. There is no evidence demonstrating that Fano had any authority to prevent Stock or Right Way Publishing, LLC, from distributing this book.

Finally, Stibal identifies ministerial activities which Fano was engaged in as a member-manager of Right Way Publishing, LLC, to support her breach of contract claim. Those activities have not been demonstrated to bear on the distribution of *Shady Healing*.

As the plaintiff, Stibal carried the burden to produce evidence demonstrating that Fano breached the Release Agreement with post-Release Agreement activity. Stibal relies substantially on Fano's pre-Release Agreement activity. The only possible post-Release Agreement activity demonstrated by the evidence is Fano's membership in Right Way Publishing, LLC. Stibal, however, failed to produce evidence as to the operations of Right Way Publishing, LLC, the structure of Right Way Publishing, LLC, and the actual authority of the members of Right Way Publishing, LLC. Stibal did not produce any evidence that Fano personally distributed or sold the *Shady Healing* book after the Release Agreement was executed. The uncontroverted evidence was that Fano did not sell, promote or distribute the

---

without sacrificing his or her position as a member of the LLC. *Id.* A manager of a manager-managed LLC must act in the best interests of the LLC, while a member owes no such duties to the LLC. I.C. § 30-1-830.

book.  Without evidence of a breach, the district court's finding of a breach of the Release Agreement was clearly erroneous.  It follows that Fano is not liable to Stibal for any damages, thus rendering unnecessary a discussion of the other issues raised on appeal with respect to damages.  Accordingly, the judgment entered by the district court against Fano is reversed.

### B.    Attorney Fees Below.

Attorney fees may be awarded if authorized by statute or contract. *Hellar v. Cenarrusa*, 106 Idaho 571, 578, 682 P.2d 524, 531 (1984). Here, the Release Agreement provides that "[i]n the event of litigation relating to this agreement, the prevailing party shall be entitled to attorney fees and costs."  The district court's award of attorney fees to Stibal and against Fano cannot stand because Stibal is not the prevailing party.  Rather, Fano is entitled to attorney fees under the terms of the Release Agreement for defending the action in the district court.

Right Way Publishing, LLC, did not timely appeal from the judgment against it for damages entered on September 20, 2012.  Therefore, as between the plaintiffs and Right Way Publishing, LLC, the plaintiffs were the prevailing parties below.  Right Way Publishing, LLC, did not timely appeal from the post-judgment order awarding attorney fees and costs to the plaintiffs, so the district court's award of attorney fees and costs against Right Way Publishing, LLC, will be affirmed.

Because Right Way Publishing, LLC, did not timely appeal from the order denying its motion for attorney fees, that issue will not be reviewed.

This case is remanded to the district court to determine the award of attorney fees and costs to Fano for successfully defending against the action in the district court.

### C.    Attorney Fees on Appeal.

All parties have requested awards for their attorney fees incurred on appeal.  With regard to the appellant Fano, Stibal is not the prevailing party and will not be awarded fees or costs on that appeal.    Fano has requested an award for attorney fees under Idaho Code sections 12-120 and 12-121, and pursuant to the Release Agreement.  Fano has prevailed on appeal and is entitled to an award for attorney fees by virtue of the Release Agreement.

As between Stibal and Right Way Publishing, LLC, Stibal is the prevailing party.  Stibal requests an award of attorney fees and costs pursuant to the Release Agreement and Idaho Code section 12-121.  The award cannot be made pursuant to the Release Agreement because Right Way Publishing, LLC, was not a party to the Release Agreement.

Because the appeal by Right Way Publishing, LLC, was untimely in all respects, we hold that the appeal was pursued frivolously, unreasonably and without foundation.  Pursuant to Idaho Code section 12-121, attorney fees and costs are awarded to Stibal against Right Way Publishing, LLC.

## VII. CONCLUSION

For the foregoing reasons, the judgment against Fano is reversed. The judgment against Right Way Publishing, LLC, is affirmed. Fano is awarded attorney fees and costs on appeal. We remand this case for the award of costs and attorney fees to Fano for defending the action in the district court.  Stibal is awarded attorney fees and costs against Right Way Publishing, LLC.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.