IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 43796

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| DECLARATION OF PARENTAGE AND ) | |
| TERMINATION OF PARENTAL RIGHTS ) | |
| OF: JANE DOE II, ) | Boise, April 2016 Term |
| A Minor Child (2015-25). ) | |
| ------------------------------------------------------- ) | 2016 Opinion No. 63 |
| JANE DOE, Married Gestational Carrier, ) | |
| and JOHN DOE, Husband of Gestational ) | Filed: June 2, 2016 |
| Carrier, ) | |
| ) | Stephen W. Kenyon, Clerk |
| Petitioners-Appellants, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE I, Married Intended Father, ) | |
| and JANE DOE I, Married Intended ) | |
| Mother, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Darla S. Williamson, Senior District Judge.

The judgment of the district court is affirmed.

Jones, Gledhill, Fuhrman, Gourley, PA, Boise, attorneys for appellant. Steven Meade argued.

Cockerille Law Office, Idaho City, attorneys for respondent. Monica Cockerille argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Respondents, Jane Doe I ("Intended Mother") and John Doe I ("Intended Father" and collectively with Intended Mother, "Intended Parents") are a married couple living in Alaska. In May, 2014, Intended Parents contracted with Jane Doe ("Gestational Carrier"), a gestational surrogate living in Idaho, to carry an embryo made from Intended Father's sperm and a donor egg. After the baby was born, Gestational Carrier and her husband, John Doe ("Husband"),

moved for a declaratory judgment that Intended Parents are the parents of the resulting child ("Child").[1] The district court refused. It reasoned that declaratory judgment was not available to determine the parentage of Child because Idaho law already provides a statutory means by which parties can become parents when using a gestational surrogate—the termination of that gestational surrogate's parental rights and the adoption of the child. The district court also found that the surrogacy agreement entered into between the parties was void as against public policy to the extent that it sought to contractually assign parentage.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Intended Parents are a married couple living in Alaska. In May, 2014, Intended Parents entered into a contract (the "Surrogacy Contract") with Gestational Carrier and Husband, a couple living in Idaho. The Surrogacy Contract provided that a donor egg possessed by Intended Parents, which had been fertilized with Intended Father's sperm, would be implanted in Gestational Carrier, who would carry the resulting fetus to term. Once Child was born, Gestational Carrier and Husband would take whatever steps were necessary under Idaho law to ensure that: (1) Intended Parents be named the legal parents of Child; (2) Intended Parents be listed as parents on Child's birth certificate; and (3) Intended Parents obtain immediate sole legal and physical custody of Child.

On July 17, 2015, Gestational Carrier gave birth to Child at St. Alphonsus Hospital in Boise, Idaho. Immediately after Child's birth, Child was placed in the care and custody of Intended Parents, where she has remained throughout this case.

On July 18, 2015, Intended Father, Gestational Carrier and Husband, each signed an affidavit stating that Intended Father, and not Husband, is the biological father of child and should be listed on the birth certificate.

On August 25, 2015, Gestational Carrier and Husband filed an amended petition for declaration of parentage (the "Amended Petition") with the district court. By the Amended Petition, Gestational Carrier and Husband moved for a declaratory judgment that Intended Parents are the biological, legal, and lawful parents of Child, and that Gestational Carrier and Husband are not the legal parents of Child.

On November 9, 2015, the district court issued its decision on the Amended Petition. The district court held, *inter alia*, that: (1) it is not appropriate for the district court to issue

---

[1] Intended Parents supported this motion and, though listed as Respondents, are fully in support of this appeal.

1

declaratory judgments under Idaho Code section 10-1201 where statutory procedures already address the circumstances at issue—specifically, a gestational surrogate can terminate her parental rights through a termination proceeding under Idaho Code, Title 16, Chapter 20, and an intended mother can adopt a child under Idaho Code, Title 16, Chapter 15; (2) the fact that a six month residency requirement prevents out of state couples from adopting in Idaho is immaterial, because Intended Mother could presumably adopt Child under Alaska law; and (3) "the terms of the contract sought to be enforced are against public policy, to the extent they are said to establish the parental rights and responsibilities concerning the child . . . [s]uch contract terms would be in contravention to the Idaho adoption and termination of parental rights statutory schemes."

On January 14, 2016, the district court entered a judgment denying the request for declaratory relief.

Gestational Carrier and Husband now appeal.

### III. ISSUES ON APPEAL

1. Did the district court err in refusing to grant declaratory judgment under Idaho Code section 10-1201?

2. Did the district court err in finding that the terms of the Surrogacy Contract were against public policy?

### IV. STANDARD OF REVIEW

When this Court reviews a trial court's findings of fact and conclusions of law after a bench trial, the review is "limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law." *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009) (citing *Benninger v. Derifield*, 142 Idaho 486, 488–89, 129 P.3d 1235, 1237–38 (2006)). Because "it is the province of the trial court to weigh conflicting evidence and testimony and to judge the credibility of the witnesses," this Court liberally construes the trial court's findings of fact in favor of the judgment. *Id.* (citing *Rowley v. Fuhrman*, 133 Idaho 105, 107, 982 P.2d 940, 942 (1999)). . . . "This Court exercises free review over matters of law." *Id.* (citing *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002)).

*Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 322, 297 P.3d 1134, 1139 (2013).

### V. ANALYSIS

**A.      The district court did not err in refusing to grant a declaratory judgment, because there is no legal basis on which it could have done so.**

2

Idaho Code section 10–1201 empowers Idaho courts to "declare rights, status, and other legal relations, whether or not further relief is or could be claimed." I.C. § 10–1201.

The parties in this case assert that: because (1) Idaho Code section 10–1201, *et. seq.* allows Idaho courts to make judicial declarations of the "legal relations" of parties; and (2) the parent-child relationship is a legal relationship under Idaho law; that (3) Idaho courts have the power to establish parent-child relationships by entering declaratory judgments.

We disagree. Although the parties are correct that as a procedural matter Idaho Code section 10–1201, *et. seq.* does allow courts to declare legal relations, that power is inherently limited to the interpretation of previously established substantive law. Idaho Code section 10–1201, *et. seq.* does not give this Court, or any other Idaho court, the power to create law. "The legislature and the legislature only, under our constitution, has power to legislate." *Thomas v. Riggs*, 67 Idaho 223, 228, 175 P.2d 404, 407 (1946). Where the legislature has not seen fit to provide substantive legal grounds on which a court can base a requested declaration, then it is outside of the authority of that court to make said declaration, even when it would further the interests of all parties involved (as here).

Here, there is no previously established legal basis on which this Court can declare the parental rights of Intended Parents. The legislature has provided only the currently existing termination and adoption regimes, which give no special consideration to intended parents who have obtained the services of a surrogate. Unless and until the legislature chooses to enact legislation specifically addressing surrogacy, Intended Parents must proceed within the legal avenues available to them to establish legal parenthood. The fact that Idaho law does not allow non-residents to utilize its adoption statutes is of no import here. Intended Mother is viewed under Idaho law exactly as any other mother wishing to adopt in Idaho.

**B.      We need not address whether surrogacy agreements are against public policy.**

Because we have already held that the district court did not err in refusing to grant declaratory relief there is no need at this time for us to address whether the underlying surrogacy contract was in violation of public policy.

### VI. CONCLUSION

The judgment of the district court is affirmed.

Chief Justice J. JONES and Justices EISMANN, BURDICK and HORTON CONCUR.