263 P.2d 990

**MICHAEL v. ZEHM.**
No. 7996.

Supreme Court of Idaho.
Dec. 1, 1953.

Cope R. Gale, St. Maries, McNaughton & Sanderson, Coeur d'Alene, Paul C. Keeton, Lewiston, for appellant.

Robert McFadden and Richard L. Mc-Fadden, Plummer, for respondent.

THOMAS, Justice.

Michael, appellant, hereinafter referred to as plaintiff, brought an action against Zehm, respondent, hereinafter referred to as defendant, in claim and delivery to recover possession of a tractor and damages for wrongfully withholding from and depriving him of the possession thereof.

On March 2, 1950, plaintiff purchased one tractor from defendant under an oral conditional sales contract under the terms of which plaintiff made a down payment of $500 and agreed to pay the balance of $900 on or before the last day of May, 1950; plaintiff also delivered to defendant a truck for the purpose of having defendant sell it if possible and apply the proceeds of the sale as a credit upon the purchase price of the tractor. No further payments in addition to the $500 having been made upon the contract as provided therein or at all, defendant on or about October 23, 1950, repossessed the tractor and took it to Worley, Kootenai County, Idaho.

A criminal complaint was filed against defendant charging him with grand larceny. This action apparently was dismissed when defendant, upon request of the sheriff of Benewah County, returned the tractor to Plummer, Benewah County, and placed it in the custody of said sheriff.

On or about October 30, 1950, plaintiff commenced an action in claim and delivery. Defendant filed an answer and cross-complaint alleging ownership of the tractor and seeking possession thereof and damages for its retention by plaintiff. Plaintiff, in answer to the cross-complaint, alleged that on the 27th of November, 1950, defendant filed an undertaking with the sheriff for the return of the tractor and the same was turned over to him and that he has had the right to the possession and use thereof from that time to the time the answer was filed on December 10, 1952.

Upon issues so joined the matter was tried before the court sitting without a jury.

At the conclusion of the trial the court made findings and conclusions and entered judgment for defendant on his cross-complaint, adjudging him to be the owner of the tractor and awarding him damages in the sum of $2000 for being wrongfully deprived of the possession thereof. The appeal is from this judgment.

Plaintiff makes three assignments of error. The first two assignments will be considered together. In the first assignment of error it is asserted that the findings and the judgment are erroneous for the reason the same are contrary to law and not supported by the evidence. The second assignment sets forth that certain findings, designated by the numbers, are not supported by the evidence and are contrary thereto. Both assignments are in general terms and do not in any respect point out wherein any of the findings or the judgment are erroneous, contrary to law, or not supported by the evidence. The brief contains neither citation of authority nor argument in support of either of these assignments of error.

■ This court has with consistency held that an assignment of error to the effect that the evidence is insufficient to support the findings and the judgment will not be considered on appeal where there is no specification of the particulars wherein the evidence is insufficient in these respects.

Merrill v. Fremont Abstract Co., 39 Idaho 238, 227 P. 34; this is especially so where there are no authorities cited nor argument upon the question set forth in the brief. Hayward v. Yost, 72 Idaho 415, 242 P.2d 971; Bolen v. Baker, 69 Idaho 93, 203 P.2d 376.

There remains but one further assignment of error which challenges the sufficiency of the evidence to support a finding of damages in the sum of $2000 or in any sum or at all. All the authorities set forth in the brief and all the argument in connection therewith are confined exclusively to this assignment.

■ Generally the successful party may recover such damages in claim and delivery action as will compensate him for the loss he has sustained, if any, by being wrongfully deprived of the possession of the property. Sections 8–304 and 8–306, I.C.; 77 C.J.S., Replevin, § 262, page 189; however in such action the plaintiff need not post a bond and require the sheriff to take the property in possession. Section 8–301, I.C.; 77 C.J.S., Replevin, § 194, page 144 and § 104, pages 71–72.

■ If defendant is entitled to damages it must be based upon and supported by evidence, not only that he was entitled to possession but also that plaintiff has deprived him of such possession.

With reference to possession of the tractor the evidence discloses the following:

the sale and delivery of the tractor to plaintiff on or about March 2, 1950; its repossession by defendant on or about October 23, 1950, at which time defendant took it to Worley, Idaho; that soon thereafter, the time not being fixed with certainty, defendant was charged with grand larceny of the tractor; he testified with respect to this matter that, upon request of the sheriff, he returned the tractor to Plummer, Idaho, and placed it in the custody of the sheriff; that it has been at the pole yard in Plummer ever since he placed it in the custody of the sheriff; there is no testimony in the record fixing the time it was so placed in the sheriff's custody but apparently it was sometime in November of that year; in the meantime, and on or about October 30, 1950, plaintiff filed his action in claim and delivery; the evidence does not disclose that plaintiff requisitioned the sheriff to take possession of the tractor from defendant or executed and delivered to the sheriff the affidavit required by Section 8–302, I.C., or executed and posted a delivery bond required by Section 8–304, I.C.; plaintiff did however execute and file an undertaking for costs provided for in Section 12–116, I.C., with reference to non-resident plaintiffs; defendant posted a redelivery bond on November 27, 1950, wherein it is recited that the sheriff took possession of the tractor from defendant on November 21, 1950, pursuant to requisition made and endorsed on the complaint and affidavit of plaintiff.

The sheriff did not testify at the trial; plaintiff at no time testified with respect to the possession of the tractor other than the date it was delivered to him when he purchased it. No evidence was adduced by him or on his behalf with respect to the repossession of the tractor by defendant. As heretofore pointed out, defendant testified that he repossessed the tractor on October 23, 1950, and that upon request of the sheriff, following the filing of a criminal complaint charging him with grand larceny, he delivered the tractor to the sheriff and that at all times since it has been in the pole yard at Plummer, Idaho. With respect to the matter of the possession of the tractor, defendant on direct examination further testified as follows:

"Q. Have you had the control or use of the tractor since the time you returned it? A. No, I haven't.

"Q. Did the sheriff request you to return it? A. Yes.

"Q. Now, Mr. Zehm, in that connection have you had an opportunity to read or examine the plaintiff's answer to your cross-complaint which was served on your attorney this morning? A. No, I haven't.

"Q. Advising you, Mr. Zehm, that that answer states that you had posted a bond and therefore could have had the use and control and custody of the tractor during the pendency of this

law suit, what is your explanation to that? A. Well, I guess I signed the bond all right but you told me that—well, I presumed I couldn't take it out of the county any how and I didn't—

"Q. Did you, in any event feel that your rights were protected any way whether you took the tractor or not? A. Yes, I did.

"Q. What led you to believe that? A. Mr. Michaels had a bond that I figured would protect me.

"Q. Now at that particular time, Mr. Zehm, this being substantially in the winter, could you have done anything with the tractor any way? A. I couldn't have at the time, no."

and on cross-examination, as follows:

"Q. Mr. Zehm, you posted a bond—you testified you posted a bond for the return of this particular tractor, is that correct? A. Yes.

"Q. Did anybody tell you at that time you didn't have a right to use that tractor if you posted that bond? A. Bob told me we just as well leave it where it was at.

"Q. Who is Bob? A. McFadden.

"Q. Just as well leave it where it was at? Is that your answer? A. We couldn't use it in the winter time or do anything with it any how and he said we just as well leave it in the sheriff's custody.

"Q. Did he tell you you didn't have the right to use the tractor, Mr. Zehm? A. I don't remember whether he did or not.

"Q. Did any one ever tell you you didn't have the right to use the tractor any time you wanted to after you posted the bond? A. I don't believe he did."

There is no finding by the court and the evidence will not support a finding that the plaintiff ever had the possession of the tractor after October 23, 1950, the date defendant repossessed it; there is no finding nor would the record support a finding that plaintiff posted a claim and delivery bond.

■ It follows that there is no evidence to support an award of damages in the sum of $2000 or in any sum or at all occasioned by plaintiff depriving defendant of the possession of the tractor. The judgment decreeing defendant to be the owner and entitled to immediate possession of the tractor, that the sureties on his undertaking be released and discharged, and that he recover his costs below is hereby affirmed. The judgment in all other respects, including awarding defendant damages, is reversed.

Immediate possession of the truck which plaintiff placed in the possession of defendant, together with evidence of title thereto, should be decreed to plaintiff.

No costs.

PORTER, C. J., and GIVENS and TAYLOR, JJ., and GRAF, D. J., concur.