**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 37396**

MARTIN BETTWIESER,               )

                                     )         **Boise, January 2013 Term**

    **Plaintiff-Appellant,**        )

                                     )         **2013 Opinion No. 22**

v.                               )

                                     )         **Filed: February 22, 2013**

NEW YORK IRRIGATION DISTRICT and   )

Directors RICHARD MURGOITIO, BRIAN  )        **Stephen Kenyon, Clerk**

MC DEVITT, PAUL WARRICK and     )

VELTA HARWOOD,             )

                                     )

    **Defendants-Respondents.**       )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

The judgment of the district court is <u>affirmed</u>.

Martin Bettwieser, Boise, pro se appellant.

McDevitt & Miller LLP, Boise, for respondents. Chas. F. McDevitt argued.

_____

HORTON, Justice.

Martin Bettwieser, a pro se plaintiff, brought a breach of contract action against the New York Irrigation District and its directors (collectively, the District). Bettwieser alleged that the District breached an oral contract by not timely providing him with a legal opinion regarding whether he could be excluded from the irrigation district without paying statutory exclusion and filing fees. Following a bench trial, the district court issued findings of fact and conclusions of law, ruling that Bettwieser had failed to demonstrate that he was entitled to relief. Bettwieser appealed, again representing himself, alleging the district court made errors of fact and law during the trial and in its decisions regarding Bettwieser's pre- and post-trial motions. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bettwieser has resided within the boundaries of the New York Irrigation District since 1983, but he does not receive water from the District. On May 1, 2007, Bettwieser appeared

1

before the irrigation district's board of directors to discuss the process for excluding his property from the irrigation district. Also attending that meeting were directors Richard Murgoitio, Brian McDevitt, and Paul Warrick; District Secretary/Treasurer Velta Harwood; and Kendal McDevitt, the District's legal counsel. The discussion related to the amounts owed by Bettwieser for irrigation water assessments and accrued interest, as well as the process and requirements for exclusion.

Bettwieser alleges that he and the District entered into an oral agreement at that meeting wherein the District agreed to provide him with a legal opinion, within one week, regarding whether he was required to pay the statutory filing and exclusion fees to have his property excluded. In exchange, Bettwieser alleges he agreed to pay all outstanding assessments and fees at a reduced rate. The other parties present at the meeting testified that no agreement of that nature was reached. According to their testimony, Brian McDevitt agreed to personally pay the accrued interest on Bettwieser's account if he paid the outstanding balance. Separate from that exchange, according to Brian McDevitt's testimony, the District informed Bettwieser that it would have its counsel render an opinion with respect to the exclusion process. Kendal McDevitt later provided the District with a letter outlining his research on the issue.

The directors elected not to send a copy of McDevitt's letter to Bettwieser. Instead, on June 12, 2007, at the directors' request, Harwood sent Bettwieser an application form for exclusion from the District along with a letter explaining that the District would only consider his request if he completed the form and returned it with the filing fee and exclusion fee. Bettwieser did not return the form or submit a petition for exclusion that was accompanied by the filing and exclusion fees.

On June 19, 2007, Bettwieser filed an action against the District for breach of contract, in which he requested various forms of relief. The action was tried to the district court without a jury, after which the district court entered its findings of fact and conclusions of law. The court determined that Bettwieser was not entitled to any of the relief he requested and entered judgment in favor of the District. The court also directed counsel for the District to prepare a memorandum of costs. After Bettwieser objected to the memorandum of costs, the district court held a hearing on the matter, which Bettwieser did not attend. On March 3, 2009, the district court entered an amended judgment in the District's favor and awarded costs to the District. Bettwieser timely appealed.

2

## II. ISSUES ON APPEAL

1. Whether the district court's findings of fact and conclusions of law were supported by substantial evidence.

2. Whether the district court erred in failing to consider the issues as Bettwieser raised them in his written closing argument.

3. Whether the directors of the New York Irrigation District are legally elected directors.

4. Whether the district court properly denied Bettwieser's motion to disqualify counsel.

5. Whether the interest rate provisions found in Idaho Code §§ 43-708 and 43-712 are contradictory.

6. Whether Idaho Code § 43-1107 permits the District to waive exclusion fees prior to receiving an exclusion petition.

7. Whether the District's exclusion petition form properly informs petitioners of their rights.

8. Whether the District and its directors breached an oral agreement with Bettwieser.

9. Whether the District's petition form must be used by all petitioners.

10. Whether the district court failed to hear and rule on all of Bettwieser's pre-trial motions.

11. Whether the district court properly awarded costs to the District.

12. Whether the district court's processes are sufficient to adjudicate complaints and appeals.

13. Whether the district court erred in its rulings on post-trial matters.

14. Whether the district court erred in excluding Bettwieser's exhibits 11 and 19.

## III. STANDARD OF REVIEW

When this Court reviews a trial court's findings of fact and conclusions of law after a bench trial, the review is "limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009) (citing *Benninger v. Derifield,* 142 Idaho 486, 488–89, 129 P.3d 1235, 1237–38 (2006)). Because "it is the province of the trial court to weigh conflicting evidence and testimony and to judge the credibility of the witnesses," this Court liberally construes the trial court's findings of fact in favor of the judgment. *Id.* (citing *Rowley v. Fuhrman,* 133 Idaho 105, 107, 982 P.2d 940, 942 (1999)). "This Court will not set aside a trial court's findings of fact unless the findings are clearly erroneous." *Id.* (citing *Ransom v. Topaz*

3

*Mktg., L.P.,* 143 Idaho 641, 643, 152 P.3d 2, 4 (2006); I.R.C.P. 52(a)). Therefore, if the trial court's findings are based upon "substantial evidence, even if the evidence is conflicting," those findings will not be overturned on appeal. *Id.* (citing *Benninger,* 142 Idaho at 489, 129 P.3d at 1238). Nor will this Court substitute its view of the facts for that of the trial court. *Id.* (citing *Ransom,* 143 Idaho at 643, 152 P.3d at 4). "This Court exercises free review over matters of law." *Id.* (citing *Bolger v. Lance,* 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002)).

When reviewing a trial court's discretionary decision, we determine "(1) whether the court perceived the issue as discretionary; (2) whether the court acted within the bounds of that discretion and applied the correct legal standards; and (3) whether the court reached its decision through an exercise of reason." *Am. Pension Servs., Inc. v. Cornerstone Home Builders, LLC*, 147 Idaho 638, 641, 213 P.3d 1038, 1041 (2009) (citing *Hayward v. Valley Vista Care Corp.,* 136 Idaho 342, 345, 33 P.3d 816, 819 (2001)).

Pro se litigants are not entitled to special consideration or leniency because they represent themselves. To the contrary, it is well-established that courts will apply the same standards and rules whether or not a party is represented by an attorney and that pro se litigants must follow the same rules, including the rules of procedure. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009) (citations and quotations omitted); *Suitts v. Nix,* 141 Idaho 706, 709, 117 P.3d 120, 123 (2005); *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).

## IV. ANALYSIS

As a preliminary matter, we note that Bettwieser's briefing is, at best, difficult to follow. In some cases, it is unclear what issue Bettwieser is attempting to raise. And, even where an issue is identifiable, argument, authority, and legal reasoning are often absent. We recently reiterated the standards we use when determining whether to consider the issues a litigant raises on appeal:

> We will not consider an issue not "supported by argument and authority in the opening brief." *Jorgensen v. Coppedge,* 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *see also* Idaho App. R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and the record relied upon."). Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court. *Inama v. Boise County ex rel. Bd. of Comm'rs,* 138 Idaho 324, 330, 63 P.3d 450, 456 (2003) (refusing to address a constitutional takings issue when the issue was not supported by legal authority and was only mentioned in passing).

> Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. *Randall v. Ganz,* 96 Idaho 785, 788, 537 P.2d 65, 68 (1975). A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. *Michael v. Zehm,* 74 Idaho 442, 445, 263 P.2d 990, 993 (1953). This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline,* 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived. *Suitts v. Nix,* 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

*Bach v. Bagley,* 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). The Court also held that it would not consider any issues "lacking in coherence, citations to the record, citations of applicable authority, or comprehensible argument . . . ." *Id.* at 791, 229 P.3d at 1153.

Bettwieser's briefing in this case suffers from many of the defects noted in *Bach*. While there are some citations to legal authority, the relevance and applicability of the citations are not clear, and cogent argument is, for the most part, nonexistent. Much of Bettwieser's "argument" consists of rhetorical questions and conclusory statements. As a result, we have occasionally been forced to look to the District's characterization of the issues in its brief in order to gain some understanding of what issues Bettwieser has attempted to raise.

## A. The district court's findings of fact and conclusions of law are supported by substantial competent evidence.

Bettwieser argues that the district court's findings of fact and conclusions of law are deficient. He contends the evidence shows that the District entered into an oral agreement in which it agreed to timely provide Bettwieser with a legal opinion regarding the requirements for exclusion from the District and that the District breached this agreement by failing to provide him with this opinion within the agreed-upon time.

"Formation of a valid contract requires that there be a meeting of the minds as evidenced by a manifestation of mutual intent to contract." *Thomas v. Thomas*, 150 Idaho 636, 645, 249 P.3d 829, 838 (2011) (quoting *Inland Title Co. v. Comstock,* 116 Idaho 701, 702, 779 P.2d 15, 16 (1989)). Whether a contract has been formed "is generally a question of fact for the trier of fact to resolve." *Id.*

In this case, the trial court ruled that Bettwieser did not sufficiently support his contention that a contract existed requiring the District to provide him with written legal findings. The court determined that "to the extent that the parties reached any agreement on May 1, 2007, the only

5

agreement shown by the evidence was limited to the [District] advising Bettwieser that if he paid his past assessments and late charges, the [District] would obtain advice from its counsel on the process for exclusion." It then found that Bettwieser had not shown the existence of any requirement for the District to provide a specific written opinion and that the District fulfilled its part of the agreement by instructing its attorney to provide advice on that topic. The court thus concluded that Bettwieser had failed to demonstrate that the District breached any agreement reached on May 1, 2007.

The district court's findings are supported by substantial evidence. Each of the District directors present at the May 1, 2007, meeting testified that the District did not agree to provide Bettwieser with written legal findings at that meeting. The directors' testimony instead tends to support the district court's findings regarding that meeting. Both the District's Secretary/Treasurer and its former counsel also testified that no agreement of the form alleged by Bettwieser was entered into at that meeting. Only Bettwieser testified that the District agreed to provide him with "findings" regarding the exclusion process, including whether he was required to pay the fees. This constitutes substantial, though conflicting, evidence supporting the district court's findings of fact. Those findings support the court's conclusions of law regarding the formation of a legal agreement between Bettwieser and the District.

## B. Bettwieser failed to satisfy the requirements for certification of a class action.

Bettwieser also asked the district court to order the District to make a refund to other members of the District that he claimed were wrongfully charged exclusion and filing fees. The district court treated this as a request for certification of a class and concluded that the matter was not properly before the court because Bettwieser "failed to present evidence that a class action existed." We agree.

Certification of a class action is governed by the Idaho Rules of Civil Procedure. Before a trial court may certify a lawsuit as a class action, it "must find that all four factors in Rule 23(a) exist and that at least one factor in Rule 23(b) exists." *BHA Investments, Inc. v. City of Boise*, 141 Idaho 168, 171-72, 108 P.3d 315, 318-19 (2004). We have held that the burden is on the party seeking to bring a class action to "bring [itself] within the requirements of Rule 23." *Middlekauff v. Lake Cascade, Inc.*, 110 Idaho 909, 915, 719 P.2d 1169, 1175 (1986) (citing 3B *Moore's Federal Practice* at 23.02–2 (2d ed.1985)). A party's assertion in its pleadings that the

6

action is on behalf of others similarly situated is not sufficient to support class certification. *Kerner v. Johnson*, 99 Idaho 433, 444-45, 583 P.2d 360, 371-72 (1978).

Here, Bettwieser did not present the district court with any evidence that this matter satisfies the requirements of Rule 23. On May 20, 2008, Bettwieser filed a motion to set the case as a class action. The Court was aware of this motion, but informed Bettwieser that it would not rule on the motion until he noticed it for hearing.[1] Bettwieser contends that the district court may set a hearing at its discretion, citing Idaho Rule of Civil Procedure 6(e)(2).[2] However, the Rules also permit district courts to make their own rules of procedure regarding the hearing of motions. I.R.C.P. 1(c). The local rules of the Fourth Judicial District place the burden on parties to schedule motion hearings with the clerk of the presiding judge and provide that "only those civil matters which have been scheduled for hearing by the clerks as provided by this rule and noticed for hearing pursuant to Rules 5(a) and 7(b), I.R.C.P., will be heard by the court." Idaho 4th Jud. Dist. Rule 2. There is no evidence that Bettwieser properly scheduled or noticed the motion for hearing. We hold that the district court properly concluded that the class action issue was not before it at trial and that Bettwieser was therefore not entitled to the requested order.

## C. The district court was not obligated to consider claims not raised by the pleadings.

Bettwieser raises several other issues on appeal related to claims that were not framed in his complaint. These issues are: 1) whether Idaho Code § 43-1107 provides the District with discretion to waive the exclusion and filing fees and consider petitions for exclusion that are submitted without those fees; 2) whether the district court erred in failing to consider the issues as Bettwieser raised them in his written closing argument; 3) whether the directors of the New York Irrigation District are legal representatives of the District; 4) whether the interest rate provisions found in Idaho Code §§ 43-708 and 43-712 are contradictory; and 5) whether the district court's processes are sufficient for adjudicating complaints and appeals.

The Rules of Civil Procedure require that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded." I.R.C.P. 8(a)(1). Further, in the absence of explicit or implied

---

[1] As noted by counsel for the District, the district court reminded Bettwieser on more than one occasion that he must schedule a hearing with the clerk before the court would rule on a motion.

[2] That Rule provides that "[t]he court upon its own initiative may notice for hearing any motion, trial or proceeding which is pending before it by notice to all parties in conformance with these rules." I.R.C.P. 6(e)(2).

consent of both parties, a trial court is not obligated to address claims not raised by the pleadings. *See, e.g.*, *Ross v. Coleman Co., Inc.*, 114 Idaho 817, 827-28, 761 P.2d 1169, 1179-80 (1988).

Bettwieser's complaint in this case merely alleges that when he met with the District regarding whether he was required to pay the exclusion and filing fees, the District made an agreement with him that it later breached. While his prayer for relief appears to request relief for claims other than breach of contract, the only claim stated in the complaint is for breach of contract. After trial, the district court issued findings of fact and conclusions of law that addressed the breach of contract claim. Thus, the district court properly addressed the issue framed by the complaint. To the extent Bettwieser argues the district court erred in not considering any other claims, we hold that there is no error because Bettwieser did not properly raise them.

## D. The district court did not abuse its discretion in denying Bettwieser's motion to disqualify counsel.

Bettwieser appeals from the district court's denial of his motion to disqualify Charles McDevitt as counsel for the District. Bettwieser asserts that he fears "unethical practices" and "bias" by Charles McDevitt because he is the father of District director Brian McDevitt. The District replies that Bettwieser has failed to demonstrate any error by the district court.

"The decision to grant or deny a motion to disqualify counsel is within the discretion of the trial court." *Foster v. Traul*, 145 Idaho 24, 32, 175 P.3d 186, 194 (2007) (citing *Weaver v. Millard*, 120 Idaho 692, 696, 819 P.2d 110, 114 (Ct. App. 1991)). When reviewing a trial court's decision for an abuse of discretion, this Court employs a three-part inquiry to determine: "(1) whether the court perceived the issue as discretionary; (2) whether the court acted within the bounds of that discretion and applied the correct legal standards; and (3) whether the court reached its decision through an exercise of reason." *Am. Pension Servs., Inc. v. Cornerstone Home Builders, LLC*, 147 Idaho 638, 641, 213 P.3d 1038, 1041 (2009) (citing *Hayward v. Valley Vista Care Corp.,* 136 Idaho 342, 345, 33 P.3d 816, 819 (2001)).

The Idaho Appellate Rules provide that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and the record relied upon." I.A.R. 35(a)(6). This Court has held that if an appellant does not "assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (citing

8

*Randall v. Ganz,* 96 Idaho 785, 788, 537 P.2d 65, 68 (1975)). Further, where the argument is merely "[a] general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors," this Court will not consider the issue. *Id.* (citing *Michael v. Zehm,* 74 Idaho 442, 445, 263 P.2d 990, 993 (1953)). Therefore, issues that are not argued and supported as required by the Appellate Rules are deemed to have been waived. *Id.* (citing *Suitts v. Nix,* 141 Idaho 706, 708, 117 P.3d 120, 122 (2005)).

Here, Bettwieser has essentially ignored the standard of review. In his argument, he makes no effort to explain how the district court's ruling was an abuse of its discretion. No authority regarding the standards for disqualification is cited and no reference is made to the district court's analysis of his request. Rather, Bettwieser merely asks this Court to reconsider his evidence for disqualification. Therefore, because he has failed to provide argument or authority to support his claim of error, he has waived this issue.

**E. Bettwieser is not entitled to declaratory judgment because he has failed to demonstrate the existence of an actual or justiciable controversy.**

Bettwieser asks this Court for declaratory judgments defining the process the District must use when considering petitions for exclusion and deciding whether petitioners must use the exclusion petition form the District provides. The District argues that Bettwieser is not entitled to a declaratory judgment because no justiciable controversy exists regarding the exclusion petition or the exclusion procedures.

Under Idaho's Declaratory Judgment Act, a person "whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations" under the statute. I.C. § 10-1202. However, this jurisdiction is limited to cases "where an actual or justiciable controversy exists," and courts are thus precluded "from deciding cases which are purely hypothetical or advisory." *Wylie v. Idaho Transp. Bd.*, 151 Idaho 26, 31, 253 P.3d 700, 705 (2011) (quoting *State v. Rhoades,* 119 Idaho 594, 597, 809 P.2d 455, 458 (1991)). This Court has explained that a justiciable controversy is:

> [D]istinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot . . . . The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests . . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Davidson v. Wright*, 143 Idaho 616, 620, 151 P.3d 812, 816 (2006) (quoting *Weldon v. Bonner County Tax Coalition,* 124 Idaho 31, 36, 855 P.2d 868, 873 (1993)). Therefore, "[a]n action for declaratory judgment is moot where the judgment, if granted, would have no effect either directly or collaterally on the plaintiff, the plaintiff would be unable to obtain further relief based on the judgment and no other relief is sought in the action." *Wylie*, 151 Idaho at 32, 253 P.3d at 706 (quoting *Idaho Schs. for Equal Educ. Opportunity v. Idaho State Bd. of Educ.*, 128 Idaho 276, 282, 912 P.2d 644, 650 (1996)).

In *Wylie*, the Court held that Wylie was not entitled to a declaratory judgment because there was no justiciable controversy. In that case, Wylie sought, among other relief, a declaratory judgment invalidating an ordinance that limited his access to a state highway. On the question of justiciability, this Court held that:

> Wylie has been unable to articulate how a judgment declaring the Ordinance invalid would provide him any relief. The Agreement clearly precludes direct access to SH 20–26 and the provisions of the Agreement are not dependent upon the Ordinance. Further, even if we were to declare the Ordinance invalid, ITD has denied Wylie's encroachment permit, which would still preclude his desired access.

*Wylie*, 151 Idaho at 34, 253 P.3d at 708. When Wylie argued that if the court invalidated the ordinance he would have an opportunity to petition the state for an access point, the Court held that "a remote contingency is not sufficient to satisfy the requirements for a justiciable controversy." *Id.* Thus, a litigant seeking a declaratory judgment must demonstrate that an actual controversy exists and that the requested relief will provide actual relief, not merely potential relief.

Here, there is no justiciable controversy involving the petition form or the District's process. Regardless of any action taken by this Court regarding those issues, Bettwieser would not be entitled to any further relief because he has failed to pay the mandatory filing and exclusion fees, and thus, there is no valid exclusion petition before the District for its consideration. We therefore hold that Bettwieser is not entitled to declaratory relief.

## F. The district court did not err in failing to rule on pre-trial motions that Bettwieser did not schedule for hearing.

Bettwieser argues that the district court erred by failing to rule on all of his pre-trial motions. The District responds that Bettwieser failed to schedule many of his motions to be

heard and that the court in fact ruled on all of both parties' motions that were properly noticed for hearing.

Attorneys are expected to know the rules of the forum, and pro se litigants are not afforded a more lenient standard. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). As explained above, the Rules of Civil Procedure permit a district court to set a party's motion for hearing sua sponte. I.R.C.P. 6(e)(2). However, we also explained that under the local rules of the Fourth Judicial District, parties are required to schedule motion hearings with the clerk of the presiding judge and "only those civil matters which have been scheduled for hearing by the clerks as provided by this rule and noticed for hearing pursuant to Rules 5(a) and 7(b), I.R.C.P., will be heard by the court." Idaho 4th Jud. Dist. Rule 2.

Here, the district court reminded Bettwieser on more than one occasion that he must schedule a hearing before the court would rule on a motion. Bettwieser has not identified any instance where the district court failed to address and rule on any motion that Bettwieser had properly scheduled and noticed for hearing. The district court did not err in declining to rule on motions that Bettwieser failed to notice for hearing.

## G. The district court did not err in awarding costs to the District.

Bettwieser contends that the district court erred in awarding costs to the District, arguing the District did not comply with the Rules of Civil Procedure in filing its memorandum of costs. The District argues that it timely filed its memorandum of costs and that Bettwieser has failed to demonstrate any noncompliance with the Rules of Civil Procedure.

The Idaho Rules of Civil Procedure provide that "[e]xcept when otherwise limited by these rules, costs shall be allowed as a matter of right to the prevailing party or parties, unless otherwise ordered by the court." I.R.C.P. 54(d)(1). The Rules further provide that within fourteen days of entry of judgment, "any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense . . . ." I.R.C.P. 54(d)(5). A party may object to the memorandum of costs within fourteen days of the date the memorandum of costs is served "by filing and serving on adverse parties a motion to disallow part or all of such costs . . . ." I.R.C.P. 54(d)(6). Finally, the Rules provide for settlement of the claimed costs:

> After a hearing on an objection to a memorandum of costs, or after the time for filing an objection has [passed], the court shall, upon motion of any party or upon the court's own initiative, enter an order settling the dollar amount of costs, if any, awarded to any party to the action.

I.R.C.P. 54(d)(7).

In this case, the district court entered judgment on January 7, 2009, in which it denied all relief to Bettwieser and noted that the District was to prepare and submit its cost bill. The District submitted its memorandum of costs on January 13, 2009, and Bettwieser filed an objection on January 27, 2009. The district court held a hearing to consider the memorandum of costs and Bettwieser's objection to it on February 17, 2009, which Bettwieser did not attend. The district court considered Bettwieser's objection and, finding the District to be the prevailing party, awarded costs as a matter of right in the amount of $1918.57 and discretionary costs of $2438.85. The district court directed the District's counsel to prepare an amended judgment reflecting the award of costs. The amended judgment was entered on March 3, 2009.

Bettwieser has failed to demonstrate any error by the district court. The cost memorandum and the judgment complied with the Rules of Civil Procedure. The District manifestly was the prevailing party and the district court properly awarded costs pursuant to I.R.C.P. 54(d)(1). Therefore, we affirm the amended judgment.

## H. Bettwieser waived the issue of whether the district court erred in deciding his post-trial motions.

This Court has held that it "will not search the record on appeal for error." *Dawson v. Cheyovich Fam. Trust*, 149 Idaho 375, 383, 234 P.3d 699, 707 (2010) (citing *Suits v. Idaho Bd. of Prof'l Discipline,* 138 Idaho 397, 400, 64 P.3d 323, 326 (2003)). Further, if an allegation of error is not supported by argument and authority, it is deemed waived. *Id.* (citing *Suitts v. Nix,* 141 Idaho 706, 708, 117 P.3d 120, 122 (2005)).

Here, Bettwieser asserts that the district court erred in making rulings on March 8, 2011, and May 17, 2011. However, his briefing does not set forth what those errors are. Bettwieser does not explain the substance of the rulings or of the alleged errors. Further, he fails to cite any applicable law or point to the record for support of his allegations. In his briefing on this issue, Bettwieser cites Idaho Appellate Rules 19, 21, 29, and 32, which are related to requests for additional transcripts and the timeliness of motions for the same. However, Bettwieser provides no cogent argument related to the relevance or application of these rules. Therefore, Bettwieser has waived these claims of error.

## I. The district court did not abuse its discretion in excluding Bettwieser's exhibits.

Bettwieser argues that the district court erred in excluding two of the exhibits he offered at trial. First, he contends that Exhibit 11, signed petitions for nomination to election as a director

of the New York Irrigation District, were improperly excluded because the question of whether the directors were validly elected is foundational to the lawsuit. Second, Bettwieser argues that Exhibit 19, which consists of documents related to the ability of other members of the District to get water, was also improperly excluded because it shows Bettwieser's history with the District and that other members also have complaints about the District's exclusion process. In response, the District argues that Bettwieser has failed to demonstrate any error or abuse of discretion.

A trial court's evidentiary decisions, including decisions to admit or exclude documents, are reviewed under the abuse of discretion standard. *Vreeken v. Lockwood Eng'g, B.V.*, 148 Idaho 89, 106, 218 P.3d 1150, 1167 (2009) (quoting *Perry v. Magic Valley Reg'l Med. Ctr.,* 134 Idaho 46, 50, 995 P.2d 816, 820 (2000)). However, "the determination of relevance is a question of law," and this Court therefore reviews that issue de novo. *State v. Young*, 136 Idaho 113, 119-20, 29 P.3d 949, 955-56 (2001) (citing *State v. Lamphere,* 130 Idaho 630, 945 P.2d 1 (1997)).

Here, the district court denied Bettwieser's request to admit Exhibit 11 on the ground that it was not relevant to any claim raised in his complaint. As explained above, Bettwieser's claim regarding the election of the directors is not an issue framed by his complaint. Any evidence related to that claim is therefore irrelevant. Consequently, we hold that the district court did not err in excluding Exhibit 11. The district court denied Bettwieser's request to admit Exhibit 19 on the grounds that 1) Bettwieser failed to provide adequate notice of the exhibit to the opposing party, 2) the exhibit was not relevant to the issue before the court, and 3) under Idaho Rule of Evidence 403, any probative value was substantially outweighed by its potential to confuse the issues. Bettwieser has not demonstrated that the district court abused its discretion in excluding this exhibit. The court recognized its discretion, articulated the standards it applied, and explained the reasoning underlying its decision. Bettwieser has made it clear that he disagrees with the court's decision, but has failed to make any showing that the court did not apply the proper standards or that it failed to exercise reason. Therefore, we hold that the district court did not abuse its discretion in excluding Exhibit 19.

**J. The District is entitled to attorney fees on appeal.**

The District requests attorney fees on appeal pursuant to Idaho Code § 12-121, arguing that Bettwieser's appeal is merely an attempt to retry his case before this Court. Bettwieser replies that the proper authority for attorney fees in this case is Idaho Code § 12-117 because the District is a taxing district. He argues that the District is not entitled to attorney fees under that

13

statute because it has not shown his appeal to be unreasonable. We agree that the District is not entitled to fees under Idaho Code § 12-121 because § 12-117 is the controlling statute in this matter. Nonetheless, we hold that the District is entitled to reasonable attorney fees pursuant to Rule 11.2 of the Idaho Appellate Rules.

We first address Bettwieser's contention that Idaho Code § 12-121 is not the proper authority in this case. Idaho Code § 12-117 governs attorney fees in "any proceeding involving as adverse parties a state agency or a political subdivision and a person . . . ." In these proceedings, "the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). We have held that Idaho Code § 12-117 is "the exclusive means for awarding attorney fees for the entities to which it applies." *Kootenai Cnty. v. Harriman-Sayler*, No. 39071, 2012 WL 6621149, at *7 (Idaho Dec. 20, 2012) (quoting *Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285,* 148 Idaho 630, 635, 226 P.3d 1277, 1282 (2010)). Therefore, the question is whether an irrigation district is a state agency or political subdivision within the meaning of Idaho Code § 12-117.

The term "'Political subdivision' means a city, a county, any taxing district or a health district." I.C. § 12-117(5)(b). As defined in Title 63, Idaho Code, a taxing district includes "any municipal corporation, . . . any quasi-municipal corporation, or any other public corporation authorized by law to levy taxes, now or hereafter organized." I.C. § 63-3101. Because an irrigation district has the power to levy assessments and taxes to pay for its operation, it is a taxing district. *See, e.g.*, I.C. §§ 43-701 through -732 (regulating the district's authority to levy assessments and providing penalties for delinquent payment of assessments, including tax deed sales). Consequently, we hold that an irrigation district is a political subdivision for the purposes of Idaho Code § 12-117.

We have been clear that a party seeking an award of attorney fees pursuant to a statute must "cite to the statute and, if applicable, the specific subsection of the statute upon which the party relies." *Poole v. Davis*, 153 Idaho 604, ___, 288 P.3d 821, 826 (2012) (quoting *Capps v. FIA Card Servs., N.A.,* 149 Idaho 737, 744, 240 P.3d 583, 590 (2010)). Further, "merely citing 'statutes and rules authorizing fees, without more, is insufficient.'" *Id.* (quoting *Carroll v. MBNA Am. Bank,* 148 Idaho 261, 270, 220 P.3d 1080, 1089 (2009)).

Here, the District's request for attorney fees was based only upon Idaho Code § 12-121. As explained, in cases where § 12-117 applies, that section is the exclusive authority for awarding attorney fees. Thus, because the District is not entitled to fees under § 12-121 and has provided neither citation nor argument supporting its entitlement under § 12-117, we hold that the District is not entitled to attorney fees under either section 12-121 or 12-117.

Nevertheless, we award attorney fees to the district pursuant to the Idaho Appellate Rules, which provide:

> Every notice of appeal, petition, motion, brief and other document of a party represented by an attorney shall be signed by at least one (1) licensed attorney of record of the state of Idaho . . . . A party who is not represented by an attorney shall sign the notice of appeal, petition, motion, brief or other document and state the party's address. The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, *and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.* If the notice of appeal, petition, motion, brief, or other document is signed in violation of this rule, the *court, upon motion or upon its own initiative*, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee.

I.A.R. 11.2 (italics added). We have held that "Rule 11 Sanctions are appropriate where an argument on appeal 'was so far outside the realm of reasonability that it warrants a sanction.'" *Martin v. Smith*, No. 36055, 2013 WL 427436, *4 (Idaho Feb. 1, 2013) (quoting *In re Estate of McKee,* 153 Idaho 432, ___, 283 P.3d 749, 757 (2012)). However, even where the issues raised on appeal are "dubious," fees will not be awarded under Rule 11.2 unless the Court can conclude that "the appeal was interposed for an improper purpose." *Funes v. Aardema Dairy*, 150 Idaho 7, 13, 244 P.3d 151, 157 (2010) (quoting *Bradford v. Roche Moving & Storage, Inc.,* 147 Idaho 733, 737, 215 P.3d 453, 457 (2009)). Thus, this Court may consider, sua sponte, whether a party has brought an appeal for any improper purpose, and if so, award reasonable attorney fees to the other party.

15

In this case, we have determined that Bettwieser's appeal was brought for an improper purpose. That determination is based upon the level of hostility, both in his briefing and at oral argument, directed toward the district court, the directors of the New York Irrigation District, and its counsel. This animosity, coupled with the complete absence of merit to Bettwieser's claims, leads us to the conclusion that Bettwieser has pursued this appeal for the purpose of harassment and annoyance. Bettwieser has filed lengthy briefs that contain little in the way of legal argumentation or authority and raises several issues on appeal that were not before the district court at trial and, with respect to the issues that were properly appealed, he essentially admits that his argument is that this Court should find his version of the facts "the credible one." Therefore, we award the District attorney fees on appeal, but base the award upon Rule 11.2, I.A.R.

## V. CONCLUSION

We affirm the district court's amended judgment and award attorney fees and costs on appeal to the District.


Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**,

16