## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 44988 & 44989

| | |
|---|---|
| **RONALD L. VAN HOOK,** | **2018 Unpublished Opinion No. 321** |
| **Plaintiff-Appellant,** | **Filed: January 12, 2018** |
| **v.** | **Karel A. Lehrman, Clerk** |
| **DAWN R. CANNON,** | **THIS IS AN UNPUBLISHED** |
| **Defendant-Respondent.** | **OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| **DAWN R. CANNON fka VAN HOOK,** | |
| **Petitioner-Respondent,** | |
| **v.** | |
| **RONALD L. VAN HOOK,** | |
| **Respondent-Appellant.** | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge. Hon. Gary D. DeMeyer, Magistrate.

Memorandum decision of the district court, on intermediate appeal from the magistrate's order denying motions to disqualify, for change of and/or new orders, to change venue, for reconsideration, and for contempt, <u>affirmed</u>.

Ronald L. Van Hook, Homedale, pro se appellant.

Kimberli A. Stretch, Idaho Legal Aid Services, Inc., Nampa, for respondent.

_____

HUSKEY, Judge

Ronald L. Van Hook appeals from the district court's memorandum decision, affirming the magistrate's denial of several of Van Hook's motions: (1) motion to disqualify; (2) motion for change of and/or new orders; (3) motion to change venue; (4) motion for reconsideration; and (5) motion for contempt. The district court's memorandum decision is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

This pro se appeal arises from a lengthy, contentious, and muddled dispute between Van Hook and his ex-wife, Dawn R. Cannon, over the custody of their children. The dispute spans a number of cases, namely CV-2014-6865, where Van Hook filed for a civil protection order; CV-2014-7409, where the parties' divorce and the custody of their children was determined; CV-2014-3311, where Cannon filed for a civil protection order and which was later consolidated with CV-2014-7409; CV-2016-5044, where Van Hook sought a writ of habeas corpus and a writ of mandamus; CV-2016-11807, where Van Hook sued his ex-wife, a judge, and four other defendants for thirty-five million dollars; and CV-2017-3444, where Van Hook was declared a vexatious litigant, among other cases.

The issues in this appeal stem from CV-2014-7409, after (1) custody was granted to Cannon with Van Hook's visitation rights contingent upon his children's desire to contact him and (2) Van Hook repeatedly attempted to disqualify the magistrate from the proceeding. After failing to timely appeal his judgment and decree of divorce, which determined the custody of his children, Van Hook filed the following motions with the magistrate: (1) motion to disqualify; (2) motion for change of and/or new orders; (3) motion to change venue; (4) motion for reconsideration; and (5) motion for contempt. The magistrate denied all of Van Hook's motions. Van Hook appealed the magistrate's decision to the district court, which affirmed the magistrate, held the motions to be frivolous, and awarded attorney fees to Cannon. Van Hook timely appeals.

# II.

## ANALYSIS

The argument section of an appellate brief "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). The Court will not consider an appellate brief that fails to provide this support to its arguments. *Capstar Radio Operating Co. v. Lawrence*, 160 Idaho 452, 465, 375 P.3d 282, 295 (2016).

"Pro se litigants are not entitled to special consideration or leniency because they represent themselves. To the contrary, it is well-established that courts will apply the same standards and rules whether or not a party is represented by an attorney and that pro se litigants

must follow the same rules, including the rules of procedure." *Bettwieser v. New York Irrig. Dist.*, 154 Idaho 317, 322, 297 P.3d 1134, 1139 (2013).

Van Hook's opening appellate brief does not satisfy the requirements of Idaho Appellate Rule 35(a)(6). Although Van Hook makes many arguments, those arguments are not adequately supported with citations to authorities, statutes, transcripts, or the record in this case. Where authority is cited, it is scant, irrelevant, or not controlling upon this Court. Where transcripts are quoted, it is disjointed, selective, and unfavorable to Van Hook. The 1371 page record is cited only a handful of times. Van Hook nonetheless asks this Court to scour the record to find support for his arguments. Because Van Hook fails to provide support for his arguments, this Court will not consider them. Van Hook's status as a pro se appellant does not alter this conclusion.

Costs and attorney fees are awarded to Cannon, as a prevailing party, pursuant to I.A.R. 40 and 41.

## III.

## CONCLUSION

Because Van Hook fails to provide adequate support for his arguments, the Court does not consider them. The district court's memorandum decision is affirmed. Costs and attorney fees are awarded to Cannon.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.