**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket Nos. 45595 & 45596**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Boise, December 2018 Term |
| Plaintiff-Respondent, | ) |
| | ) Filed: December 26, 2019 |
| v. | ) |
| | ) Karel A. Lehrman, Clerk |
| JAMES E. MC DAY, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

The judgment of the district court is <u>affirmed</u>. Costs are <u>awarded</u> to the State as a matter of right.

James Elbert McDay, Coeur d'Alene, Appellant *pro se*.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for respondent.

_____

BEVAN, Justice

James McDay, *pro se*, appeals a district court judgment that affirmed the Idaho State Police Bureau of Criminal Identification ("BCI")'s denial of McDay's request to have two criminal cases expunged from his record. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2005, McDay was arrested for driving under the influence in violation of Idaho Code section 18-8004. On the same day, the prosecuting attorney filed a case against McDay, CR-2005-7362 ("DUI case"), supported by an affidavit of probable cause, and the magistrate court issued an order finding probable cause. On August 3, 2005, the case was dismissed.

Four years later, on March 25, 2009, McDay was arrested for: (1) driving without privileges in violation of Idaho Code section 18-8001; (2) failure to provide proof of insurance in violation of Idaho Code section 49-1232; and (3) possession of drug paraphernalia in violation of

1

Idaho Code section 37-2734A(1). The next day, the prosecuting attorney filed a case against McDay, CR-2009-6228 ("Paraphernalia case"), supported by an affidavit of probable cause, and the magistrate court issued an order finding probable cause on all three charges. The charges were subsequently reduced or dismissed on May 6, 2009.

On approximately October 2, 2016, McDay filed an expungement application with the BCI to have both criminal cases expunged from his record. On October 14, 2016, BCI denied McDay's request after finding that he was ineligible for expungement. On October 24, 2016, McDay filed a Notice of Appeal to Expunge in magistrate court under his previous DUI case number. McDay also filed an Affidavit Statement under both the DUI case number and the Paraphernalia case number. The State objected, alleging that the time to file an appeal had expired.

On December 7, 2016, McDay filed a Motion for Judgment of Acquittal under his DUI case number in magistrate court. After a hearing the magistrate judge entered an order—under both of McDay's previous criminal case numbers—that denied McDay's Motion for Judgment of Acquittal; however, the magistrate court construed McDay's October 24, 2016, Notice of Appeal to Expunge as a request for judicial review of a state agency action and forwarded BCI's expungement decision to the district court under I.R.C.P. 84.

A district court judge was assigned to the appeal under both of McDay's previous criminal case numbers. The district court affirmed the BCI decision after finding that McDay's failure to follow procedural rules was fatal to his appeal; namely, that McDay had failed to provide the district court with an agency record for review. McDay timely appealed to this Court.

## II. ANALYSIS

After providing a factual background of the case, McDay's opening brief provides:

### ISSUES PRESENTED ON APPEAL

1. BCI's denial of expungement of a criminal record, stating the person seeking expungement must provide "a certified copy of the court's order of acquittal finding the applicant was not guilty of the crime charged." Hon. James D. Stow advised that because the record is already sealed in the District Court, there is nothing further that the District Court can do. It is out of their jurisdiction.

2. The up-coding of the original civil infraction to criminal offense by adding the verbiage/DRUG to both State and Federal records.

3. BCI's claim that the Appellant's petition for judicial review was not filed in a timely manner per Idaho Rule of Civil Procedure 84(b)(1)(A).

4. The DUI, CR-7362, [sic] was not a conviction.

5. The Paraphernalia charge, CR-09-6228, was an unlawful conviction and false imprisonment, and a violation of due process.

## ATTORNEY FEES ON APPEAL

The pro se attorney litigant expects that they are entitled to recover reasonable attorney fees per 42 U.S.C. § 1988(b) in the amount of $100.00 hour at 57.75 hours starting July 2016.

## ARGUMENT

1. Appellant cannot get employment in his educational field due to the fact he cannot pass a BCI/ FBI background check.

2. Appellant is continually today profiled based on inaccurate data on record and affects passage between US and Canadian borders as an example.

3. The basis of BCI's denial to update is "based on the record". Given that statement, there is no reason to deny revision in order to match the existing Idaho Repository.

Based on McDay's briefing, we will not reach the merits of his claims on appeal. While his ultimate goal is clear -- he wants to have the two criminal cases expunged from his BCI record -- McDay fails to present any cogent argument or authority to achieve such a remedy. This Court has established standards it will use when determining whether to consider the issues a litigant has raised on appeal:

> We will not consider an issue not "supported by argument and authority in the opening brief." *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *see also* Idaho App. R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and the record relied upon."). Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court. *Inama v. Boise County ex rel. Bd. of Comm'rs*, 138 Idaho 324, 330, 63 P.3d 450, 456 (2003) (refusing to address a constitutional takings issue when the issue was not supported by legal authority and was only mentioned in passing).

> Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. *Randall v. Ganz*, 96 Idaho 785, 788, 537 P.2d 65, 68 (1975). A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to

preserve an issue. *Michael v. Zehm*, 74 Idaho 442, 445, 263 P.2d 990, 993 (1953). This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

*Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 323, 297 P.3d 1134, 1140 (2013) (quoting *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)). McDay's briefing suffers from many of these defects.

> Pro se litigants are not entitled to special consideration or leniency because they represent themselves. To the contrary, it is well-established that courts will apply the same standards and rules whether or not a party is represented by an attorney and that pro se litigants must follow the same rules, including the rules of procedure. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009) (citations and quotations omitted); *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005); *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).

*Bettwieser*, 154 Idaho at 322, 297 P.3d at 1139. Because McDay's arguments lack citations to the record, citations of applicable authority, and comprehensible argument, this Court will not consider them on appeal.

### III. ATTORNEY FEES

McDay is not the prevailing party and not entitled to attorney fees on appeal. The State requests fees under Idaho Code section 12-117, which allows a court to award attorney fees to the prevailing party "in any proceeding involving as adverse parties a state agency . . . and a person . . . if [the court] finds that the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). We decline to award attorney fees under section 12-117 because McDay's efforts, although lacking the particularity and citations required for a cogent appeal here, were based on what is an obvious effort to obtain recourse that he may now be entitled to under recently amended Idaho statutes. As a result, McDay did not act without a reasonable basis in fact or law in seeking relief that he may yet be entitled to under Idaho law.

### IV. CONCLUSION

The district court judgment is affirmed. Costs are awarded to the State as a matter of right. Despite this holding, we note that BCI originally denied McDay's request because his criminal cases were "dismissed" and Idaho Code section 67-3004(10) required that he be

"acquitted." In July 2018, the Idaho Legislature amended section 67-3004(10) to also allow for criminal history record expungement for any person who has had charges "dismissed." Thus, McDay may now be eligible to have his record expunged should he file a new application with BCI. This opinion in no way forecloses his ability to file such an application or bring a civil action challenging the denial of any such application should he choose.

Chief Justice BURDICK, Justices HORTON, BRODY and STEGNER CONCUR.